GEORGE B. DARR, APPELLEE, V. JOHN WISNER ET AL., APPELLANTS.

FILED DECEMBER 18, 1901.    No. 10,681.

Commissioner's opinion, Department No. 1.

1. **Tax Foreclosure: EVIDENCE: CERTIFICATE: BURDEN.** Where a lien is sought to be foreclosed for general taxes, the tax sale certificate is *prima facie* evidence that the statutes in reference to the levy and assessment of the taxes and the sale for their non-payment have been complied with, and the burden of showing irregularities is upon the party asserting such fact. *Merrill v. Wright,* 41 Nebr., 351, overruled.

2. **Issue: LEVY: ASSESSMENT: PRESUMPTION.** Where the levy and assessment are disputed by the pleadings, the presentation of a tax receipt alone does not raise any presumption in favor of the regularity of the assessment or levy of the taxes for which it calls.

3. **Tax Lien: FORECLOSURE: LIMITATION.** An action to foreclose a tax lien is barred within five years after the time to redeem from the tax sale has expired. *Alexander v. Thacker,* 43 Nebr., 494, followed.

APPEAL from the district court for Dawson county Heard below before SULLIVAN, J. *Affirmed in part.*

*E. A. Cook,* for appellants.

*Henry D. Rhea, contra.*

Argued orally by *Cook,* for appellants,

DAY, C.

On April 15, 1898, George B. Darr commenced this suit in the district court of Dawson county against John Wisner and others to foreclose a lien claimed by virtue of a tax-sale certificate issued to him by the county treasurer of Dawson county. The trial resulted in a finding and decree in favor of the plaintiff, to review which the defendants have brought the case to this court by appeal. In substance, the petition alleged the purchase of the premises at public tax sale held November 7, 1892, from the county treasurer; the ownership of the property by the defendants; the assessment and levy of the taxes; that the same were due, delinquent and unpaid; the delivery of the tax-sale certificate to the plaintiff; and the subsequent payment by plaintiff of the taxes assessed and levied upon the property for the years 1892 and 1893. The answer admitted the ownership of the premises, and denied each and every other allegation of the petition. The only evidence to support the finding and decree of the court was the introduction of the original tax-sale certificate issued by the county treasurer to plaintiff, and the tax receipts for the payment of taxes for the years 1892 and 1893. These were received over the objection of the defendants. From the remarks of the court upon the trial, it is evident that the court received the evidence upon the theory that the original tax-sale certificate, as well as the tax receipts for the subsequent years, were sufficient proof, until contradicted, of the facts put in issue by the answer. In this the court erred as to the tax receipts. The taxes for which the premises were sold were general taxes, and the introduction of the tax-sale certificate was presumptive evidence of the regularity of all prior proceedings leading up to the issuance of the certificate. Section 116 of chapter 77 of article 1 of the Compiled Statutes of 1901 provides as follows: "The purchaser of any tract of land sold by the county treasurer for taxes, will be entitled to a certificate in writing, describing the land so purchased, the sum paid, and

the time when the purchaser will be entitled to a deed, which certificate shall be signed by the treasurer, in his official capacity, and shall be presumptive evidence of the regularity of all prior proceedings," etc.    In *Leavitt v. Bell*, 55 Nebr., 58, it is said, quoting from syllabus: "Where a lien is sought to be enforced for general taxes, the presumption is that the statute in reference to the levy and assessment of the taxes and to the sale of the real estate for their non-payment has been complied with; and the burden of showing irregularities, or that the tax is void,. is upon the party asserting such fact."    The presentation of the tax receipts for the taxes for 1892 and 1893 did not raise any presumption of the regularity of the assessment or levy of taxes called for by the receipts.    This being one of the issues raised by the pleadings, proof of all the steps showing a valid assessment and levy should have been made.    This precise question has been before this court in *Adams v. Osgood*, 55 Nebr., 766, wherein it is said: "A tax receipt is not sufficient to establish the fact of the levy or assessment of taxes when such levy or assessment is disputed in the pleadings."    *Miller v. Hurford*, 13 Nebr., 13; *Merrill v. Wright*, 41 Nebr., 351.

It is urged by the appellant that the action can not be maintained because it was not brought within five years from the date of the issuance of the tax-sale certificate, and section 180 of chapter 77 of the Compiled Statutes is cited in support of this contention.    That section provides as follows: "If the owner of any such certificate shall fail or neglect either to demand a deed thereon, or to commence an action for the foreclosure of the same, as provided in the preceding sections, within five years from the date thereof, the same shall cease to be valid or of any force whatever, either as against the person holding or owning the title adverse thereto, and all other persons, and as against the state, county, and all other municipal subdivisions thereof."    The terms of the statute appear to the mind of the writer to support appellant's contention, and were the question a new one, we would hold that the action

should be brought within five years from the date of the certificate; but by repeated decisions of this court the rule is well established, and is so recognized by the profession, that an action to foreclose a tax lien is barred within five years after the time to redeem from the tax sale has expired. *Alexander v. Thacker,* 43 Nebr., 494; *Alexander v. Wilcox,* 30 Nebr., 793; *Alexander v. Shaffer,* 38 Nebr., 812; *Black v. Leonard,* 33 Nebr., 745.

It follows from what has been said that the plaintiff was entitled to a decree of foreclosure for the amount of the tax certificate, $5.16, together with the interest thereon, but was not entitled to a decree, under the proofs made, for the amount represented by the tax receipts for the years 1892 and 1893. The record shows that plaintiff's counsel was proceeding upon the correct method of proving his case, but the testimony was rejected by the trial court as unnecessary. In view of this, we think that plaintiff should not be burdened with the costs.

We therefore recommend that unless the plaintiff file with this court within thirty days an election to take a new trial, a decree of foreclosure be entered in favor of the plaintiff for $10.86, with costs, and an attorney's fee of $1.08.

HASTINGS and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, a decree of foreclosure will be entered in favor of the plaintiff for $10.86 and costs, and attorney's fee taxed at $1.08, unless the plaintiff within thirty days file with the clerk of this court his election to take a new trial. This opinion is in conflict with the views expressed on the same point in *Merrill v. Wright,* 41 Nebr., 351, and the latter case, being regarded as erroneous, is overruled.

JUDGMENT ACCORDINGLY.