MARVIN H. MEAD, APPELLEE, v. IDA M. BREWER ET AL., APPELLANTS.

FILED OCTOBER 18, 1906.   No. 14,448.

1. **Tax Certificate:** FORECLOSURE: LIMITATIONS. An action to foreclose a tax sale certificate may be commenced at any time within five years from the date when redemption from the sale may be made by the owner.

2. ———: PURCHASE OF TITLE: MERGER. Where the holder of a tax sale certificate purchases and takes from the owner a conveyance of the patent title, his tax lien becomes merged in the legal title so conveyed to him, and he cannot assert it in hostility to the claim of a third party holding another tax lien against the premises.

APPEAL from the district court for Sherman county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*T. S. Nightingale,* for appellants.

*R. J. Nightingale, contra.*

DUFFIE, C.

On February 23, 1905, Marvin H. Mead, the plaintiff and appellee, commenced an action in the district court for Sherman county to foreclose a tax sale certificate issued on the sale of certain lots in Loup City for the delinquent taxes of 1895-1897, both inclusive. The certificate is dated March 6, 1899, and it is argued that our statute requires an action of this character to be commenced within five years from the date of the certificate, and that the action is barred. It is true that the language of the statute implies that an action to foreclose a lien should be commenced within five years from the date of the tax certificate, but as early as 1889 this court held that the statute should be construed to mean that such an action may be brought at any time within five years after time for redemption from the sale has expired. *D'Gette v. Sheldon,* 27 Neb. 829. This holding has been followed in numerous cases to the present time. In one of the later cases, *Darr v. Wisner,* 63 Neb. 305, we were urged to reverse our former holding, and then said: "The terms of the statute appear to the mind of the writer to support appellant's contention, and were the question a new one, we would hold that the action should be brought within five years from the date of the certificate; but by repeated decisions of this court the rule is well established, and is so recognized by the profession, that an action to foreclose a tax lien is barred within five years after the time to redeem from the tax sale has expired." The first holding has been so long and frequently followed that, regardless of our own opinion, we do not feel called on to reverse it.

The record shows a second sale of the same premises to Frank E. Brewer made September 10, 1903, for the delinquent taxes of 1898 to 1901, both inclusive. Brewer filed his cross-petition asking that his tax sale certificate be foreclosed. At the time of this last sale one O. P. Mason was the owner of the fee title, and on November

20, 1903, Brewer purchased the premises from Mason and took a conveyance from him. The district court held that his tax lien merged in the legal title thus acquired. It is a general rule that, where a person acquires a greater and lesser estate in the same property, this constitutes a merger of the two estates. *Mathews v. Jones,* 47 Neb. 616. It is true in this case that, after demand had been made upon Brewer for redemption from the plaintiff's lien, and shortly prior to the commencement of this action, he conveyed this land to his sister subject to the taxes of the years named in his tax sale certificate, and he now insists that this, together with his failure to surrender his certificate for cancelation, was evidence of his intention not to merge his tax lien in the fee estate. The merger, if it occurred, took place when he purchased from Mason, and the failure to file his certificate with the treasurer for cancelation is not, we think, evidence sufficient to overcome the legal presumption of merger arising from his purchase of the legal estate, even if nonmerger could be allowed as against the claim of the plaintiff and in hostility to his claim.

In *Boucher v. Trembley,* 140 Mich. 352, it was held that the purchase of the patent title by the holder of a tax deed merged the tax title in the legal or patent title, so that the purchaser took title subject to the equity of one in possession to claim for improvements made on the premises. This would not probably be held in those states where the making of a tax deed invests the holder with a new and independent title superior to all outstanding liens and equities held by others against the land; but in Michigan the owner of the legal title has a right of redemption for six months after the making of his tax deed, and because of this provision of the statute the Michigan court held that the tax deed, for six months after its date, operates only as a lien against the property which merges in the legal title when the same is bought in by the tax purchaser, and that it cannot be asserted in opposition to an equitable claim against the land held

by a third party. On the same principle, Brewer will not, after acquiring the legal estate in the land in question, be allowed to hold his tax lien independently of his legal title for the purpose of defeating the prior lien held by the plaintiff and appellee under his tax certificate.

We think the decree of the district court was, under our former decisions, the only one which could be entered in the cause, and therefore recommend its affirmance.

JACKSON, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.