REQUESTED BY: Senator Chris Beutler Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Beutler:
This is in response to your letter of April 14, 1983, in which you request our opinion pertaining to legislation which is currently pending.
Specifically, you ask whether a proposed amendment to LB 371 would effectively waive the state's sovereign immunity and allow the state to answer interrogatories which are issued in child support proceedings pursuant to Neb.Rev.Stat. §§ 42-364.01 et seq. (Reissue 1978).
The general rule in Nebraska is that no suit can be maintained against the state unless authorized by specific legislative provision, nor can the state be made a party to any suit absent express statutory authority pertaining to the manner by which service is to be obtained upon the state. Anstine v. State, 137 Neb. 148, 288 N.W. 525
(1939); Offutt Housing Company v. County of Sarpy,160 Neb. 320, 70 N.W.2d 382 (1955).
Neb.Rev.Stat. § 42-364.05 (Reissue 1978) provides that the court entering the child support payment order `shall have jurisdiction of any employer who transacts any business in the state.'
`Employer' is then defined by Neb.Rev.Stat. § 42-364.11
(Reissue 1978) to include any `political subdivision, or department of the state in possession of earnings.'
It is apparent, then, that §§ 42-364.05 and 42-364.11
are specific legislative provisions which would authorize a suit against the state, all within the meaning of the cases just cited. However, there must also be express statutory authority pertaining to the manner by which service is to be obtained upon the state in order for the waiver of sovereign immunity to be complete within the meaning of the cases cited.
The amendment to LB 371, which is directed towards satisfying the service of process requirements of Anstine,supra, and Offutt Housing Company, supra, would apparently be sufficient, in light of the cases and statutory provisions just cited, to complete the waiver of the state's sovereign immunity pertaining to child support proceedings.
That amendment states, insofar as relevant here, that: `When the employer is the State of Nebraska or a Department of the state, service shall be had upon said employer by causing to be served upon the Director of Administrative Services a copy of the application, notice of hearing, and interrogatories.'
The language employed in said proposed amendment is sufficiently clear so that construction of the provision is unnecessary (Gibson v. Peterson, 118 Neb. 218,224 N.W. 272 (1929)); and, when read in light of §§ 42-364.05 and42-364.11, it would be sufficient to require the state to respond to interrogatories propounded by the district court having jurisdiction over the child support matter.
Very truly yours, PAUL L. DOUGLAS Attorney General Frank J. Hutfless Assistant Attorney General