In re ANNETT FORD, INC., Debtor.

UNITED STATES of America, Plaintiff,

v.

ANNETT FORD, INC., Defendant.

Bankruptcy No. 80–1682.
No. CV 86–0–30.

United States District Court,
D. Nebraska.

Sept. 11, 1986.

Paul J. Johns, Asst. U.S. Atty., Peter V. Taylor, U.S. Dept. of Justice, Tax Div., Civil Trial Sec., West. Reg., Washington, D.C., for plaintiff.

Jess Nielsen, North Platte, Neb., for defendant.

Donald Girard, Royce Norman, North Platte, Neb., for the creditor.

BEAM, Chief Judge.

This matter is before the Court on appeal from an order of the Bankruptcy Court for the District of Nebraska entered December 26, 1986. The Bankruptcy Court denied the United States' request that interest and penalties on unpaid payroll taxes be paid out of the fund which represented the proceeds of the collateral of the creditor, 62 B.R. 65. The Court, after a review of the issues presented, finds the decision of the Bankruptcy Court should be reversed.

## DISCUSSION

Under Bankruptcy Rule 8013, this Court is bound by the clearly erroneous standard in reviewing findings of fact by the Bankruptcy Court. *In re Hunter*, 771 F.2d 1126 (8th Cir.1985). "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." *Bankr.Rule* 8013. Conclusions of law, however, are subject to de novo review.

In the case at bar, the Bankruptcy Court held that the United States' claims for payroll taxes, interest and penalties were administrative expenses and that the unpaid payroll taxes benefited the secured creditor, Ford Motor Credit Company. However, the Bankruptcy Court determined that the penalties and interest on the unpaid taxes did not benefit the secured creditor and should not be paid. The Bankruptcy Court ordered that all of the other administrative expenses, except those for penalties and interest be paid out of the fund created by the liquidation of debtor's business.

Crucial to the resolution of this case is the manner in which the penalties and interest at issue were incurred. Following the filing of debtor's bankruptcy petition, debtor continued to operate the business, a Ford dealership, with the express approval of Ford. Ford agreed that continued operation of debtor's business was in the best interest of the estate and of Ford as secured creditor. Ford knew the operation would continue and knew that additional operating expenses, including taxes, would necessarily be incurred. A plan for liquidation was proposed only after this effort proved unsuccessful. *See In re Ford*, 62 B.R. 65, 68–69 (B.C.D.Neb.1985).

The preservation of the going concern value of a business can constitute a benefit to a secured creditor under 11 U.S.C. § 506(c). *See In re AFCO Enterprises, Inc.*, 35 B.R. 512, 515 (B.C.D.Utah 1983); *In re Hamilton*, 18 B.R. 868, 873 (B.C.D.Colo.1982); *In re Jim Kelly Ford of Dundee, Ltd.*, 14 B.R. 812, 816–17 (N.D.Ill. 1980). In this case, Ford expressly agreed to the continued operation of the business for the purpose of increasing its return in an eventual liquidation or reorganization. Expenses incurred during this period, therefore, directly operated to the benefit of Ford. This is so despite the fact that the continued operation of the business proved unsuccessful.

The Bankruptcy Court found that the various administrative expenses incurred as a result of the continued operation of the business did benefit Ford and should be paid out of the liquidation fund. This Court agrees with that result. However, this Court does not agree with the Bankruptcy Court's decision that the penalties and interest incurred as the result of unpaid taxes do not also fall within this category. Like the taxes themselves, the penalties and interest claimed by the United States are part and parcel with the continued operation of the debtor's business. They directly arise from the debtor's post-petition business activities, and are a part of the foreseeable risk Ford accepted when it agreed to let the business continue. The taxes, penalties and interest come as a package. All three operated to the benefit of the secured creditor, and should be paid out of the liquidation fund. *See Johnson v. United States*, 602 F.2d 734 (6th Cir.1979). It was error for the Bankruptcy Court to hold otherwise.

Accordingly,

IT IS ORDERED that the decision of the Bankruptcy Court should be and hereby is

reversed to the extent it denied payment of penalties and interest on unpaid taxes as an administrative expense. This case is accordingly remanded to the Bankruptcy Court for any further proceedings between the parties.