**In the Matter of Robert & Elizabeth PARMENTER, Debtors.**

**Bankruptcy No. BK87–1000.**

United States Bankruptcy Court,
D. Nebraska.

July 31, 1990.

Arlan Wine, Wauneta, Neb., for debtors.

David Eubanks, Gering, Neb., for County.

## MEMORANDUM

TIMOTHY J. MAHONEY, Chief Judge.

Before a United States Bankruptcy Judge for the District of Nebraska regarding application for administrative claim for real estate taxes and objection.

IT IS ORDERED:

Debtor has objected to the County's application for administrative expense. The County believes that the interest accruing on post-petition property taxes which have been levied and assessed, but which are not a lien, should be included along with the principal amount of the tax itself as an administrative expense under Section 503(b). Debtor has objected on the grounds that there is no statutory authority for interest to be paid on administrative expenses. The objection of the debtor is overruled.

On September 11, 1986, the United States District Court for the District of Nebraska ruled in *In re Annett Ford, Inc.*, 64 B.R. 946 (1986), that interest and penalties accruing on post-petition payroll taxes should be considered as part of the tax and be payable as a surcharge on the secured creditor's collateral. Although not directly on point concerning interest accruing on post-petition real estate property taxes, the *Annett Ford, Inc.*, decision gives this Court some direction with which to analyze the rights of a governmental entity which has a claim for taxes and statutory interest.

A case much closer to the point and which this Court follows is *In re F.A. Potts & Co., Inc.*, 114 B.R. 92 (Bankr.E.D.Pa. 1990). In that case, the court specifically discussed whether or not interest accruing on a reclamation fee should be treated as an administrative expense. The court reviewed pre-Code bankruptcy decisions by the United States Supreme Court which had determined that interest on taxes which became due during the pendency of Chapter 11 proceedings but were never paid qualified for priority treatment. In *Bruning v. United States*, 376 U.S. 358, 361, 84 S.Ct. 906, 909, 11 L.Ed.2d 772, 774–775 (1964), the court found that interest is generally considered an integral part of a continuing debt. The Ninth Circuit in the case of *In re Mark Anthony Constr. Co., Inc.*, 886 F.2d 1101, 1107 (9th Cir.1989) stated, "A rule which treats interest in the same manner as the underlying tax is consistent with the general treatment of taxes and interest under the Code, and in the tax laws."

Accordingly, this Court rules that the County is entitled to interest as an administrative expense under Section 503(b)(1) on the post-petition accrual of property taxes.

Separate journal entry to be entered.