## ART E. ALEXANDER V. WILLIAM H. SHAFFER.

FILED JANUARY 4, 1894.   No. 5389.

1. **Tax Liens:** FORECLOSURE: PLEADING.   A brought suit against B and others to foreclose tax liens.   B, in 1891, answered averring that she had purchased portions of the premises in controversy in 1870 and in 1871 for taxes, the last payment being made in 1874, and asking that her title, interest, and claim be decreed superior to A's.   *Held,* first, that treating the answer as setting up title in B under the tax sales and deeds issued thereunder, it failed to state any defense against A's petition to foreclose liens for subsequent taxes; and, second, viewed as an assertion of tax liens, they appeared on the face of the answer to be barred by the statute of limitations.

2. An action to foreclose tax liens must be brought within five years after the expiration of the time to redeem.  *Helphrey v. Redick,* 21 Neb., 80; *D'Gette v. Sheldon,* 27 Neb., 829; *Warren v. Demary,* 33 Neb., 327, followed.

3. **Statute of Limitations:** TAX LIENS.   When land has been sold for taxes and a suit to foreclose the lien therefor is not instituted within five years from the expiration of the time to redeem, the lien is extinguished and ceases to be a charge upon the land.   The statute in that respect does not merely operate to defeat the remedy, but limits the duration of the lien itself.

4. ———: ———: PRIORITY.   The holder of tax certificates, whose lien is barred by the statute of limitations, has no equity as against the holder of subsequent tax liens whereby he can require such subsequent lienor to discharge the barred liens or admit their priority as a condition for foreclosing his own.

ERROR from the district court of Cass county.   Tried below before CHAPMAN, J.

*S. P. Vanatta,* for plaintiff in error.

*Beeson & Root, contra.*

IRVINE, C.

Shaffer, the defendant in error, brought a suit in the district court of Cass county against the unknown heirs of Joseph Throckmorton, the plaintiff in error Art E. Alex-

ander, and others, the object of which was to foreclose tax liens upon certain property in that county. The petition alleged as to a portion of the property covered by plaintiff's lien that Art E. Alexander claimed to have some lien on or title to the same, but averred that such title or lien was junior to that of the plaintiff. Alexander made default and a decree was rendered in accordance with the prayer of the petition, fixing the plaintiff's lien and finding that the plaintiff in error had no lien upon the premises. The taxes for which the plaintiff below claimed a lien were taxes for 1885 and subsequent years, and were paid at different periods between 1886 and 1890. The suit was begun September, 1890. Upon the 9th of February, 1891, the plaintiff in error filed a petition to set aside the decree and for leave to answer. A demurrer was filed to this petition, which was overruled, and the decree vacated so far as to allow the plaintiff in error to answer, setting forth her claim. An answer was then filed by the plaintiff in error, alleging that she claimed an interest in certain of the property described in the original petition; that a portion of such property she purchased September 4, 1871, at tax sale for the taxes of 1870, and that a portion she purchased at tax sale September 6, 1870, for the taxes of 1869, and that she had paid subsequent taxes on this property, the last payment being made May 1, 1874. The different taxes and dates of payment are set out at large in the answer. The answer further alleged that August 5, 1873, a tax deed was made for the lot sold in 1871, and that on May 8, 1874, a deed was made for the lot sold in 1870. The answer then averred that her title and claim was superior to that of Shaffer, and that Shaffer bought with notice of her interest. There was a prayer that her "title, interest, and claim" be decreed superior to that of Shaffer, and for general relief. A demurrer was filed to this answer, which was sustained and judgment entered accordingly. From this judgment error is prosecuted.

The answer lacks much in certainty, but however it may be construed the judgment of the district court is right. If it is to be taken as pleading title in the plaintiff in error under her tax deeds issued in 1873 and 1874, it failed entirely to present a defense to plaintiff's petition, for the reason that it made no denial of the facts set out in the petition establishing a subsequent lien for taxes, and notwithstanding the answer, the plaintiff on his petition would still be entitled to the relief granted him in the original decree.    If, on the other hand, the answer be construed as setting up a tax lien superior to that of Shaffer, it is still fatally defective.    The answer shows on its face that the last payment of taxes was made in 1874, more than five years before the original action was begun, to say nothing of the time of filing the answer.    The time of redemption expired as to part of the property in 1872, and as to the rest in 1873. An action to foreclose tax liens must be brought within five years after the expiration of the time to redeem. (*Helphrey v. Redick*, 21 Neb., 80 ; *Parker v. Matheson*, 21 Neb., 546 ; *D' Gette v. Sheldon*, 27 Neb., 829 ; *Warren v. Demary*, 33 Neb., 327.)

Plaintiff in error says, however, that she is not in court prosecuting an action to foreclose a lien, but merely in defense of Shaffer's action, and that the maxim that "He who seeks equity must do equity," is to be applied; that Shaffer must be required either to admit the seniority of her lien, or else to pay it, as a condition of his obtaining relief. This claim raises two questions : First—Does the subsequent tax sale cut out a former one for prior taxes?  Second —If it do not, should the subsequent tax lienor, after the expiration of the period of limitations upon the former tax sale, be required to admit or discharge the prior lien?  The conclusion reached upon the second question renders a decision of the first unnecessary.  It was held in *Wygant v. Dahl*, 26 Neb , 562, that where the owner of property institutes an action *quia timet* to remove the cloud cast by a

tax title upon his property, he must, as a condition of relief,
do equity by paying the holder of the tax title the taxes
paid by him, with interest.   Two observations are to be
made upon this case.   The first is that the decision was
based partly at least upon the duty of the owner to pay the
taxes when they became due.   This is evident from the
following language from the opinion: "He comes into
a court of equity asking relief from consequences fairly
traceable to his own failure to discharge a common duty
which the state requires of all lot owners."   Second—The
opinion also laid stress upon the fact that the statute provides
that "taxes upon real property are hereby made a perpetual
lien thereupon," and the opinion further states that "this
right and lien is recognized as unaffected by the lapse of
time."   But in the subsequent case of *D' Gette v. Sheldon*
the following language is used : "But it may be said that
the statute declares taxes upon real estate to be a 'perpetual
lien,' and therefore they can be enforced at any time.   This
provision of the statute, however, is to be construed in con-
nection with that providing for a sale of the land at a speci-
fied time for the taxes due, and if not redeemed after notice
to that effect within two years thereafter, then the tax pur-
chaser may either take a tax deed or foreclose his tax lien.
In either case, if he seeks the aid of a court of equity to en-
force his lien, he must do so in five years.   The word 'perpet-
ual,' therefore, was not intended to continue the delinquent
taxes in force against real estate after the statute had barred
a right of action thereon.   The lien conferred by the stat-
ute is fixed upon the land itself, and is primary, overriding
all other liens, since a sale thereunder, if duly made, would
extinguish all other claims, and the word 'perpetual' seems
to be used in that sense;" and in the syllabus it is said
that "it was not intended to continue a tax lien in force
after the remedies to enforce it had ceased."   Section 180
of the revenue law provides that "if the owner of any such
certificate shall fail or neglect either to demand a deed

thereon or to commence an action for the foreclosure of the same, as provided in the preceding sections, within five years from the date thereof, the same shall cease to be valid or of any force whatever, either as against the person holding or owning the title adverse thereto and all other persons, and as against the state, county, and other municipal subdivisions thereof." It seems, therefore, established by the statute and by the later decisions of this court that the limitation fixed in the revenue law is not merely a limitation as to the right of action, but it is a limitation upon the duration of the lien itself, and that upon the expiration of the period it is not merely the remedy to enforce the lien which expired, but the lien itself is extinguished absolutely.

The maxim that "He who seeks equity must do equity" has never been so applied as to justify a court in imposing arbitrary conditions in order to carry out what, in the individual opinion of the chancellor, would amount to substantial justice between the parties. The rule only requires the plaintiff to do "equity;" that is, to do what upon established legal principles he should be required to do. It has sometimes been applied in cases where the defendant was not in a position to affirmatively seek relief himself, but the vast preponderance of authority is that the maxim should never be applied so as to require that the plaintiff should perform an act not devolved upon him by established legal or equitable principles. (See 1 Pomeroy, Equity Jurisprudence, sec. 385 *et seq.*, and cases there cited.) In this case the plaintiff in error has not only lost her remedy to enforce her lien, but has lost the lien itself, so that there is no charge upon the land which a court can require to be paid. Moreover, there never was any duty devolving upon Shaffer to pay the taxes which were paid by plaintiff in error. He was not the owner of the land and not chargeable with those taxes, and if she had a claim upon the land, it was her duty to pay them and not to per-

mit the land to be subsequently sold and subsequent taxes to be paid by Shaffer.

AFFIRMED.