JABE B. GIBSON, APPELLANT, V. ALBERT F. PETERSON ET AL., APPELLEES.

FILED MARCH 16, 1929. No. 26490.

R. J. Shurtleff, for appellant.

Helen McGerr, William M. Ely and H. D. Curtiss, contra.

T. B. Dysart, amicus curiæ.

Heard before GOSS, C. J., GOOD, THOMPSON, EBERLY and DAY, JJ., and REDICK and SHEPHERD, District Judges.

GOOD, J.

From a judgment of the district court denying him foreclosure of three tax sale certificates, on the ground that his causes of action were barred by the statute of limitations, the plaintiff has appealed. Each certificate was issued and dated May 17, 1922. This action was begun October 25, 1927.

Plaintiff contends that an action to foreclose a tax sale certificate may be brought at any time within three years after the expiration of the time for redemption from such tax sale, and that the time for such redemption is five

years from the date of sale. He relies upon sections 6068 and 6073, Comp. St. 1922, as giving to the owner of land, or one having an interest therein, a period of five years in which to redeem from a tax sale, and then relies upon section 6089, Comp. St. 1922, as extending the period, within which a foreclosure action may be brought, to three years after expiration of the time for redemption. An examination of section 6089, Comp. St. 1922, in connection with the preceding section, clearly shows that it relates to the right of counties and other municipal corporations to bring actions for foreclosure of tax liens, and not to the right of an individual purchaser at a tax sale. The section, therefore, is not applicable to the instant case.

Plaintiff also cites and relies upon the case of *Mead v. Brewer,* 77 Neb. 400. In that case it was held that an action to foreclose a tax sale certificate may be commenced at any time within five years from the date when redemption from the same may be made by the owner. That decision was rendered under a former revenue law. Section 179, ch. 77, Comp. St. 1889, authorized the bringing of an action to foreclose a tax lien "at any time before the expiration of five years from the date of such certificate." Under the law then existing, the landowner was entitled to a period of two years from the date of the tax sale certificate in which to redeem. The court took the view that the holder of the tax sale certificate was entitled to a period of five years within which to bring his action, and that, since it could not be brought during the time the owner of the premises might redeem, the holder of the tax sale certificate was entitled to a period of five years after the time for redemption had expired. See *Alexander v. Wilcox,* 30 Neb. 793; *Alexander v. Thacker,* 43 Neb. 494; *Darr v. Wisner,* 63 Neb. 305; *Stevens v. Paulsen,* 64 Neb. 488; *Whiffin v. Higginbotham,* 80 Neb. 468.

Defendants rely upon section 6097, Comp. St. 1922, as barring plaintiff's causes of action. That section, so far as applicable to the present consideration, is as follows: "If the owner of any tax sale certificate shall fail or neg-

lect to demand a deed thereon, or to commence an action for the foreclosure of the same within five years from the date of the sale, such tax sale certificate shall cease to be valid or of any force or effect whatever, and the real estate covered thereby shall be forever released and discharged from the lien of all taxes for which the same was sold. And it is hereby made the duty of each and every county treasurer of the state of Nebraska to enter on the tax sale records of his or her office a cancelation of all tax sales on which five years have elapsed since date of sale, with date of entry affixed, in language substantially as follows," etc.

It will be observed that the language of section 6097, Comp. St. 1922, does not purport to give to the holder of a tax sale certificate a period of five years within which he may bring his action to foreclose. It simply limits the time to a period which expires, by its terms, five years from the date of the certificate. In this respect it is unlike the former statute (Comp. St. 1889, ch. 77, sec. 179), wherein the holder of a tax sale certificate was given a period of five years within which to bring his action to foreclose.

Plaintiff, however, contends that section 6097, Comp. St. 1922, was repealed, by implication, by the enactment of chapter 105, Laws 1923. That chapter, by its title, was one to amend sections 6068 and 6089, Comp. St. 1922, and in no manner repealed or affected section 6097; nor are the sections which were amended in conflict with section 6097. As above pointed out, section 6089 relates to the right of counties and other municipal corporations to institute actions for foreclosure of tax liens, and the only changes made were, first, enlarging the number of municipal corporations enumerated which might bring such actions, and, second, a change in the rate of interest.

Plaintiff further contends that, pursuant to section 6065, Comp. St. 1922, the holder of a tax sale certificate has a perpetual lien, and that he may, therefore, enforce it at any time, without regard to any statute of limitations. It is

true that said section 6065 does stipulate that the holder of a tax sale certificate has a perpetual lien, but this court has hitherto held in *Foree v. Stubbs,* 41 Neb. 271, and in *Alexander v. Shaffer,* 38 Neb. 812, and other cases therein cited, that the provisions of the revenue law, by which taxes are declared to be perpetual liens, are for the exclusive benefit of the state and the different agencies thereof which are authorized to raise revenue by taxation for public purposes, and in *Alexander v. Shaffer* (page 816) it was said: "The limitation fixed in the revenue law is not merely a limitation as to the right of action, but it is a limitation upon the duration of the lien itself, and that upon the expiration of the period it is not merely the remedy to enforce the lien which expired, but the lien itself is extinguished absolutely."

A brief by Honorable T. B. Dysart, as *amicus curiæ,* has been filed in this case, wherein it is contended that, notwithstanding the language of section 6097, Comp. St. 1922, the owner and holder of a tax sale certificate is entitled to seven years from the date of the certificate in which to bring his action for foreclosure. The argument is based upon the proposition that section 6097 is, in substance, a reenactment of sections 4462 and 4463, Comp. St. 1901 (Comp. St. 1889, ch. 77, secs. 179, 180), and that the construction placed upon those sections by the court must be held to have been adopted by the legislature as the proper construction for section 6097, Comp. St. 1922. It is conceded that there is some difference in the wording of the statutes, and, as we view it, the wording is very material. Section 6097 nowhere purports to give to the holder of a tax sale certificate a period of five years within which he may bring his action, while the former sections did so provide. The wording of the former sections induced the holding that the statutory period of five years did not begin to run until the two-year period for the redemption had expired. In our opinion, the construction given by this court to said sections 4462 and 4463 should not be applied to said section 6097. The latter sec-

tion seems to be clear and unambiguous and should be given effect according to its plain terms.

We are of the opinion that the district court rightly held that plaintiff's action was barred. The judgment, therefore, is

AFFIRMED.