CAROL C. FAIRLEY ET AL., APPELLEES, v. ARTHUR J. KEMPER ET AL., APPELLEES, IMPLEADED WITH JEAN F. CLOUATRE, APPELLANT.

118 N. W. 2d 754

Filed December 21, 1962. No. 35288.

Barney, Carter & Buchholz, for appellant.

Mason, Knudsen, Dickeson & Berkheimer, for appellees Fairley.

Kier, Cobb & Luedtke and Janice L. Gradwohl, for appellee Kemper.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BROWER, J.

This is a partition action brought by the plaintiffs Carol C. Fairley and Mary E. Fairley in the district court for Lancaster County, Nebraska, to partition a single lot in Lincoln, Nebraska. All of the defendants were either served with process or appeared in the action.

Plaintiff Carol C. Fairley and defendant Arthur J. Kemper each owned an undivided one-half of the premises.

The defendants Germain W. Vaughn and Mrs. E. Ferne Vaughn were tenants in possession of the premises. The Lincoln Telephone and Telegraph Company, a corporation, had an easement thereon. Edna P. Sorenson had a mortgage on the plaintiff Carol C. Fairley's interest therein which was assigned to him during the litigation and merged in his title. The defendants City of Lincoln, Nebraska, and County of Lancaster, Nebraska, had liens for taxes thereon which taxes were subsequent in time, and therefore prior in right, to the taxes in the tax sale certificate involved in this controversy. The plaintiff Mary E. Fairley was the spouse of Carol C. Fairley and had no interest therein except as such ·spouse. Carol C. Fairley will be hereinafter referred to as plaintiff. None of the rights of any of the de- ·fendants in this paragraph mentioned are in dispute and will not be discussed further.

: The real controversy is with respect to the rights of the defendant named in the plaintiff's petition as Felix G. Clouatre, but whose true name was Jean F. Clouatre. He will be designated by his proper name or in some ·instances as Clouatre.

Clouatre's claim arose by reason of the lien of a tax sale certificate No: 25258, dated August 28, 1956, upon the premises involved in the partition suit. It was

issued to him by the treasurer of Lancaster County, Nebraska, for the taxes of the county of Lancaster and city of Lincoln for the year 1954. The subsequent county and city taxes were thereafter paid by him up to and including the year 1957, and the city taxes for the year 1958.

The district court in the judgment in partition, rendered after a trial of the issues, found that Clouatre had no lien on the premises by reason of his tax sale certificate because he had failed to comply with section 77-1856, R. R. S. 1943, and more than 5 years had passed since the date of the certificate.

Clouatre filed a motion for new trial and has appealed to this court from the order of the district court overruling the same.

Clouatre assigns several errors in the trial court's rulings, among which are that it erred in the following respects: In holding Clouatre had no lien on the premises under his tax sale certificate, dated August 28, 1956; in holding he had failed to comply with section 77-1856, R. R. S. 1943, when he was made an original party defendant in the action by the petition of the plaintiff which set forth the nature and extent of his lien, and when thereafter with leave of court he filed an answer and cross-petition; in holding Clouatre's tax sale certificate was barred by statute of limitations under the state of the record disclosed in the action and hereinafter discussed; in failing to hold the plaintiff's petition was a sufficient foundation for the relief sought by Clouatre's cross-petition; and in failing to hold that the failure of any party at the trial to object to the admission of the documentary evidence offered in support of Clouatre's claim amounted to a waiver of any defect arising from the fact that no service of process was had on the cross-petition.

We sustain these assignments.

It is not clear whether the basis of the trial court's ruling that the defendant Clouatre had not complied

with section 77-1856, R. R. S. 1943, rests upon the theory that Clouatre had not commenced his action within 5 years from the date of his tax sale certificate; or whether the court held that the action had to proceed to judgment within the 5-year period; or whether his lien could not be adjudicated in a partition action.

Plaintiff's petition in partition was filed February 10, 1961. It made Clouatre a party defendant and set out that he had a tax sale certificate on the premises, describing it by number, and stating the amount of the taxes originally and subsequently paid thereunder. It asked for a determination of the rights of the parties, a partition of the premises, and, if it could not be equitably divided, a sale thereof. All of the defendants except Clouatre were served with summons requiring them to answer on March 27, 1961. Clouatre filed a voluntary appearance April 10, 1961, reserving the statutory time to plead. On August 15, 1961, after obtaining leave of court, Clouatre filed his answer and cross-petition out of time, setting up the cause of action on his tax sale certificate; and praying for an accounting of the amount due to be made a first lien thereon, and that the premises be sold and on the sale thereof the amount of the lien be paid to him on his cross-petition. The defendant Kemper, on August 16, 1961, filed an answer to plaintiff's petition containing a denial on information and belief of the paragraph in that petition describing the claim of Clouatre on his tax sale certificate. It also prayed that an accounting be had; that the rights of the parties be determined; that the validity of any tax sales or tax liens be determined; and that any taxes be declared a paramount lien against the interest of the plaintiff against whom a cross-petition was filed asking for an accounting for rents received by him.

All this occurred before the expiration of 5 years from the date of Clouatre's tax sale certificate which period expired August 28, 1961.

On January 17, 1962, a trial of the issues took place

at which all of the parties except the tenants and defendant Sorenson were represented by counsel. The tax sale certificate and tax receipts of defendant Clouatre were offered in evidence and received without objection by anyone.

The issues with respect to Clouatre's cross-petition were between Clouatre and the plaintiff and defendant Arthur J. Kemper, the owners of the premises partitioned. The rights of the other defendants are not affected thereby.

The plaintiff at his option made Clouatre a party as permitted by our statute on partition, section 25-2172, R. R. S. 1943. His petition set out the claim of Clouatre and asked the rights of the parties be determined. Clouatre's answer and cross-petition filed out of time set out his lien arising by virtue of the tax sale and prayed for the determination thereof. Thereafter the defendant Kemper, on August 16, 1961, filed his answer to plaintiff's petition denying the allegations thereof with respect to Clouatre's tax sale and asking that the validity of the tax sale certificate and tax receipts be determined. All this occurred before the expiration of the 5-year period from the date of the tax sale certificate. It is not necessary that a summons be served on a cross-petition filed after answer day on defendants who thereafter file answers to the original petition and who are represented by attorneys at the trial of the case. Smith v. Allen, 63 Neb. 74, 88 N. W. 155. The action on Clouatre's claim was commenced and pending and the issues joined on August 16, 1961, when Kemper filed his answer and cross-petition and no further process was necessary.

From the briefs of the parties in this court it appears that the judgment of the trial court as to the claim of Clouatre might have been based on the theory that his claim would be barred unless judgment was entered thereon within 5 years from the date of the tax sale certificate. This theory is based on a misconception of

the holding of this court in Gibson v. Peterson, 118 Neb. 218, 224 N. W. 272. This court in that case in discussing the question before it merely held that an action to foreclose a tax sale certificate must be brought within the period of 5 years from the date thereof. In the opinion it did cite Alexander v. Shaffer, 38 Neb. 812, 57 N. W. 451, and quoted therefrom. The quotation from the last-cited case states that the limitation in the revenue law is a limitation on the lien itself. In the last-cited case a defendant sought to enforce payment on a tax sale certificate over 19 years old in a tax foreclosure proceeding brought by a holder of a tax sale certificate subsequent in time. The court there held that the lien of the defendant was wholly extinguished. The court was construing section 180 of the revenue law then in existence. The court in Gibson v. Peterson, *supra,* was considering section 6097 of the Compiled Statutes of 1922. Both of these statutes had substantially the same provisions as our present statute now before us, section 77-1856, R. R. S. 1943, which reads in part as follows: "If the owner of any tax sale certificate shall fail or neglect to demand a deed thereon, or to commence an action for the foreclosure of the same within five years from the date of the sale, such tax sale certificate shall cease to be valid or of any force or effect whatever, and the real estate covered thereby shall be forever released and discharged from the lien of all taxes for which the same was sold." It was the failure to bring suit within the 5 years that extinguished the defendant's lien in Alexander v. Shaffer, *supra.* There was no suggestion that the lien would become void pending suit duly commenced within the period provided by law and the plain import of the statute then construed and the statute now before us negatives that construction. Neither did the court in Gibson v. Peterson, *supra,* so hold.

Jones v. Gibson, 119 Neb. 574, 230 N. W. 249, which was decided a year later than Gibson v. Peterson, *supra,* was an action to enjoin a sheriff's sale in a tax foreclosure

suit. The defendant in the injunction action who was the plaintiff in the tax foreclosure proceeding had brought the tax foreclosure action within less than a month of the expiration of the 5-year period after the date of the tax sale certificate. The court in Jones v. Gibson, *supra,* stated: "As noted herein, defendant's tax sale certificate is dated November 6, 1922, and he began foreclosure proceedings October 10, 1927, which was clearly within the time that would prevent the application of the statute of limitations from barring the beginning of an action to foreclose the tax lien against the land in suit. The five-year period allowed by the statute would not have expired for almost thirty days after the action was begun." The decree in the tax foreclosure proceeding then under consideration must have been rendered considerably after the 5-year period. A private tax sale certificate on which action has been properly commenced within the period prescribed by section 77-1856, R. R. S. 1943, will not become void by reason of the period of time which thereafter transpired during the pendency of the action.

The last question before us is whether or not an affirmative judgment in favor of a cross-petitioner on a tax sale certificate can be had in a partition action. The defendant Clouatre maintains that it can and the defendant Kemper maintains that the filing of any action except a separate foreclosure suit cannot extend the period of validity of the tax sale certificate in any event. He cites Gibson v. Peterson, *supra,* which has been hitherto discussed and is no authority for such a rule of law, and other cases which have no application.

Section 25-2172, R. R. S. 1943, permits the plaintiff at his option to join as parties all creditors having a specific or general lien upon all or any portion of the property involved in the partition. Section 25-2176, R. R. S. 1943, provides that issues be joined and tried between any of the contesting parties. Section 25-2177, R. R. S. 1943, sets forth the method of proving the claims of both

plaintiffs and defendants. Section 25-2178, R. R. S. 1943, states when uncontroverted statements in the petition and answers will be taken as true. Section 25-2179, R. R. S. 1943, provides that after all the shares or interests of the parties shall be settled, judgment shall be rendered confirming the shares and interests and directing partition to be made accordingly. It would appear not only useless but highly confusing to allow the plaintiff to make lienholders parties if their rights were not to be determined. If they are to be determined it would appear in many cases equally futile if they could not be enforced by affirmative action of the court. In Drake v. Morrow, 140 Neb. 258, 299 N. W. 545, this court stated: "A court acquiring jurisdiction of property for partition acquires complete jurisdiction of the property and affords complete justice to all parties in that action with respect to the subject-matter."

In the case before us it appears from what has been said that no service of summons on the defendants upon Clouatre's cross-petition was necessary in the state of the pleadings in the action. The issues were joined upon the question of the validity of the tax sale certificate set out within the period provided by law for bringing such an action. It was a matter expressly provided to be adjudicated in a partition action both by statute and the rules of equitable procedure. Also the time in which the litigation was pending did not affect the validity of the lien. It follows that the court should have determined the amount due on Clouatre's tax lien certificate, entered a judgment in his favor therefor, and directed the same to be paid by the sale thereof unless redemption be made as provided by law.

The judgment is reversed and the cause remanded with directions to compute the amount due on the lien of the cross-petitioner Clouatre, and enter judgment thereon in accordance with this opinion.

REVERSED AND REMANDED.