IN RE ADOPTION OF KRYSTAL P. AND KILE P.
DONALD F. AND SHEILA M. EBBERS, APPELLEES, V. KIMBERLY T.
AND JOHN P., APPELLEES, AND STATE OF NEBRASKA,
INTERVENOR–APPELLANT.

540 N.W.2d 312

Filed December 1, 1995.   No. S–95–462.

Don Stenberg, Attorney General, Royce N. Harper, and James L. Hatheway, Special Assistant Attorney General, for intervenor–appellant.

Gary G. Thompson for appellees Ebbers.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

WRIGHT, J.

This is an appeal from the order of the district court for Gage County affirming the county court's ruling that the relinquishments and consents to adoption executed by Kimberly T. and John P. were valid and that no written consent by the Nebraska Department of Social Services (Department), the legal guardian of the children, was necessary prior to the filing of petitions for adoption.

## SCOPE OF REVIEW

Whether a question is raised by the parties concerning jurisdiction of a lower court or tribunal, it is not only within the power, but it is the duty of the appellate court to determine whether such appellate court has jurisdiction over the matter before it. *Jones v. State, ante* p. 158, 532 N.W.2d 636 (1995). Lack of subject matter jurisdiction may be raised sua sponte by a court if necessary. *Scherbak v. Kissler*, 245 Neb. 10, 510 N.W.2d 318 (1994).

In the absence of a final order from which an appeal may be taken, the appeal must be dismissed for lack of jurisdiction. *Barks v. Cosgriff Co.*, 247 Neb. 660, 529 N.W.2d 749 (1995).

## FACTS

This appeal involves two juveniles: Krystal P. and Kile P. On September 18, 1992, Krystal was placed in the temporary custody of the Department. On October 16, her biological

mother, Kimberly, admitted the allegations stated in the amended petition, namely, that by no fault of her own, she lacked the ability to give proper support to Krystal, and Krystal was adjudicated under Neb. Rev. Stat. § 43–247(3)(a) (Reissue 1993). Krystal's biological father, John, did not contest the admission. At that time, legal custody of Krystal was placed with the Department, while physical custody remained with Kimberly. On March 29, 1993, the Department was given custody for the purpose of suitable foster placement.

On January 22, 1993, Kimberly admitted the allegations of a similar petition relating to Kile, and he was adjudicated under § 43–247(3)(a). Kile's biological father is unknown, and no person has claimed paternity of record. A dispositional order was entered on January 22, in which Kile was placed in the legal custody of the Department and the physical custody of Kimberly. On March 29, there was a review of the disposition, and the Department was given custody for the purpose of suitable foster placement.

The following facts apply to both juveniles: On May 3, 1994, Donald F. and Sheila M. Ebbers appeared at a dispositional hearing and filed a motion to intervene in the juvenile court proceedings for the purpose of adopting the children. The matter was taken under advisement. On June 10, the juvenile court again reviewed the disposition and adopted a goal of reunifying Krystal and John, with legal custody remaining with the Department. With regard to Kile, the juvenile court adopted a goal of long–term foster care or adoption.

On July 5, 1994, the juvenile court issued an order stating that on December 20, 1993, Kimberly and John had executed relinquishments authorizing the private adoption of Krystal by the Ebberses and that Kimberly had executed a relinquishment authorizing the private adoption of Kile by the Ebberses also. The juvenile court determined that it did not have authority or jurisdiction to determine the validity of the parental relinquishments and consents to adoption. The juvenile court determined that the Ebberses would be required to file an adoption proceeding in the county court. The Ebberses were allowed to intervene conditioned upon their filing adoption petitions.

The Ebberses filed their petitions for adoption of Krystal and Kile in the Gage County Court on or about July 14, 1994. Attached to the petitions was the Department's home study of the Ebberses as well as the relinquishments and consents to adoption completed by Kimberly and John. On September 28, 1994, the Department filed a petition for intervention, alleging that the relinquishments and consents to adoption were invalid without the consent of the Department and asserting that various juvenile code and adoption statutes established that the Department, as legal custodian of the children, must consent to any proposed adoption of the children before an adoption proceeding may go forward. The Department also claimed the juvenile court had to give its permission for the adoption proceeding to go forward.

On November 8, 1994, the Gage County Court found that the relinquishments and consents to adoption were valid without the consent of either the Department or the juvenile court and that there was no authority to support the Department's claim that its consent was required for the adoption to go forward. The Department appealed to the Gage County District Court. The district court affirmed the county court and ordered the case remanded to the county court for a hearing in accordance with Neb. Rev. Stat. § 43-109 (Reissue 1993) and other necessary adoption-related activities. The Department appealed to the Nebraska Court of Appeals, and we removed this case to our docket.

## ASSIGNMENTS OF ERROR

The Department assigns the following errors to the district court: (1) The court erred in not ruling that the consent of the juvenile court was necessary; (2) the court erred in not ruling that the consent of the Department, as legal custodian of Krystal and Kile, was necessary; (3) the court erred in not ruling that the parental relinquishments were invalid; and (4) the court erred in not ruling that the consents to adoption were invalid.

## ANALYSIS

Whether a question is raised by the parties concerning jurisdiction of a lower court or tribunal, it is not only within the power, but it is the duty of the appellate court to determine

whether such appellate court has jurisdiction over the matter before it. *Jones v. State, ante* p. 158, 532 N.W.2d 636 (1995). Lack of subject matter jurisdiction may be raised sua sponte by a court if necessary. *Scherbak v. Kissler*, 245 Neb. 10, 510 N.W.2d 318 (1994).

We must first determine whether the order finding that the relinquishments and consents to adoption were valid was a final, appealable order. In the absence of a final order from which an appeal may be taken, the appeal must be dismissed for lack of jurisdiction. *Barks v. Cosgriff Co.*, 247 Neb. 660, 529 N.W.2d 749 (1995).

Neb. Rev. Stat. § 25–1902 (Reissue 1989) defines a final order as: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon summary application in an action after judgment . . . ." In construing § 25–1902, we have held that in order for a decree to qualify as "final," it must dispose of the whole merits of the case and leave nothing for further consideration of the court. *Standard Fed. Sav. Bank v. State Farm, ante* p. 552, 537 N.W.2d 333 (1995); *Klein v. Klein*, 230 Neb. 385, 431 N.W.2d 646 (1988).

In *Jarrett v. Eichler*, 244 Neb. 310, 313, 506 N.W.2d 682, 685 (1993), we stated: "Whether an order is final and appealable does not depend upon whether that order completely disposes of the action. . . . [A]n order affecting a substantial right made during a special proceeding is a final and appealable order." We noted that the phrase "special proceeding" means every civil remedy which is not encompassed in chapter 25 of the Nebraska Revised Statutes. However, to be final and appealable, the order must affect a substantial right.

In *Klein*, the court dissolved the marriage and awarded custody of the daughter to the father. The father subsequently remarried and filed an application seeking consent for adoption and alleging that the mother had abandoned the daughter for more than 6 months and that the adoption would be in the daughter's best interests. The consent granted by the district court did nothing more than permit the county court, as the tribunal having exclusive original jurisdiction over adoption, to

entertain such proceedings. The question was whether such consent was a final, appealable order. We held that the granting of consent to the adoption by the district court was not a final, appealable order and dismissed the appeal.

In the present case, the validity of the parental relinquishments and consents to adoption is only one of the matters which must be determined in an adoption proceeding. The county court's order regarding the validity of the relinquishments and consents to adoption is not a final order. Since the district court lacked jurisdiction because the order was not a final, appealable order, this court also lacks jurisdiction to hear the matter on appeal. This court only has jurisdiction to hear appeals from final orders. See Neb. Rev. Stat. § 25-1911 (Cum. Supp. 1994). Accordingly, this appeal must be dismissed.

APPEAL DISMISSED.