COUNTY OF SHERMAN, NEBRASKA, APPELLEE, V.
MELVIN L. EVANS ET AL., APPELLEES, AND
DONALD D. GLINSMANN AND RACHEL A. GLINSMANN,
APPELLANTS.
564 N.W.2d 256

Filed June 13, 1997.   No. S-95-529.

John S. Mingus, of Mingus & Mingus, for appellants.

Mark L. Eurek, Sherman County Attorney, for appellee County of Sherman.

Rodney M. Wetovick, of Wroblewski Law Office, for Robin A. Bochart.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

WHITE, C.J.

On March 31, 1983, two tax sale certificates, Nos. 1991 and 1992, were issued to the County of Sherman (appellee) by its treasurer. Pursuant to each certificate and in compliance with Nebraska law, the period of redemption of the affected real estate terminated on March 31, 1986. Tax sale certificate No. 1991 pertained to property described as the northwest quarter of Section 9, Township 14 North, Range 13 West of the 6th P.M., in Sherman County, Nebraska, and owned by Donald D. Glinsmann and Rachel A. Glinsmann (appellants). Tax sale certificate No. 1992 pertained to property described as the southwest quarter of Section 9, Township 14 North, Range 13 West of the 6th P.M., in Sherman County, Nebraska, and owned by Donald Glinsmann.

On September 16, 1991, appellee filed a petition for foreclosure in the district court for Sherman County. The petition consisted of five causes of action. The fourth cause of action alleged that appellants owned the northwest quarter and that they owed $29,562.87 in taxes on the real estate. The fifth cause of action alleged that appellant Donald Glinsmann owned the southwest quarter and that he owed $30,928.89 in taxes.

In January 1993, appellants' property was sold. The northwest quarter and southwest quarter were sold for $87,700 and

$67,900 respectively. The district court entered a conditional order on April 2, which provided that the sale would be confirmed if the property was not redeemed by the buyer by April 5, 1993.

Appellants moved for a new trial, which was overruled on April 16, 1993. Appellants then appealed the court orders of April 2 and April 16.

The Nebraska Supreme Court dismissed appellants' appeal. See *County of Sherman v. Evans*, 247 Neb. 288, 526 N.W.2d 232 (1995). The court concluded that the order was conditional and thus void, providing no final, appealable order of confirmation.

On February 17, 1995, appellants filed an "Application for Hearing on Confirmation, Rents and Profits and Fixing Amount of Supersedeas Bond." The successful bidder, Robin A. Bochart, subsequently filed a motion for confirmation. Appellants' "Motion to Deny Confirmation of Sale of Real Estate Described in Fifth Cause of Action" was then filed. Appellants also submitted a paupers affidavit.

A hearing was held on March 24, 1995, and an order to confirm sale was subsequently entered. The district court confirmed the sales of appellants' property and determined that it would not use its discretion to allow the surplus proceeds from the sale of real estate foreclosed in the fourth cause of action to be applied to pay taxes on the parcel foreclosed in the fifth cause of action. The court then addressed Bochart's request for protection under Neb. Rev. Stat. § 25-1541 (Reissue 1995). The court held that he was protected from divestment under § 25-1541, and further found that he was not required to make an accounting to appellants for any rents or profits or any other income during the term where he had been in possession of said property. With regard to appellants' paupers affidavit, the court continued the matter because no appeal had yet been filed.

On April 3, 1995, appellants filed a motion for new trial, which was overruled, An order of distribution was entered by the court on April 14. Appellants timely appealed on May 15. Pursuant to our power to regulate the caseloads of the Nebraska Court of Appeals and this court, we on our own motion removed this case to our docket.

The assignments of error argued by appellants can be summarized as follows: (1) The district court erred in issuing its order to confirm sale, (2) the record discloses plain error in that the tax certificates had ceased to be valid, (3) the record discloses plain error in that it was not disclosed whether appellee had requested an order of sale, (4) the district court erred in issuing its order of distribution, and (5) the district court erred in failing to rule on appellants' paupers affidavit.

The absence of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte. *State ex rel. Grape v. Zach*, 247 Neb. 29, 524 N.W.2d 788 (1994). See *In re Adoption of Krystal P. & Kile P.*, 248 Neb. 907, 540 N.W.2d 312 (1995).

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *In re Estate of Muchemore, ante* p. 119, 560 N.W.2d 477 (1997).

Appellants contend on appeal that tax certificates Nos. 1991 and 1992, which were foreclosed approximately 8½ years after they were issued, must be considered void and that therefore the district court, and subsequently this court, lacks jurisdiction to hear this case. We agree and accordingly dismiss this action for lack of subject matter jurisdiction.

Pursuant to Neb. Rev. Stat. § 77-1856 (Reissue 1990):

> If the owner of any tax sale certificate shall fail or neglect . . . to commence an action for the foreclosure of the same within the time specified in section . . . 77-1902, *such tax sale certificate shall cease to be valid or of any force or effect whatever, and the real estate covered thereby shall be forever released and discharged from the lien of all taxes for which the same was sold.*

(Emphasis supplied.) Further, Neb. Rev. Stat. § 77-1902 (Reissue 1986) provides in part: "[Foreclosure of a lien for taxes represented by a tax sale certificate] shall only be brought within ninety days after the expiration of the time for redemption from the tax sale upon which the tax sale certificate or tax deed is based."

We recognize that appellants did not raise objections to the certificates' validity until appeal. Such objections can only be entertained by this court if we determine that the certificates are indeed void, preventing any district court and appellate court from exercising subject matter jurisdiction in this tax foreclosure case.

In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Boss v. Fillmore Cty. Sch. Dist. No. 19*, 251 Neb. 669, 559 N.W.2d 448 (1997). The term "void" is defined by Black's Law Dictionary 1573 (6th ed. 1990) as "having no legal force or binding effect." A plain reading of the aforementioned statutes indicates that a tax sale certificate, which is not foreclosed within the 90-day period following the expiration of the certificate, will cease to be valid, will be of no force or, in other words, will be void.

This court, in *Fairley v. Kemper*, 174 Neb. 565, 118 N.W.2d 754 (1962), interpreted § 77-1856 (1943) to require that an action to foreclose a tax sale certificate be commenced, as opposed to be completed, within 5 years of the date of the certificate. In analyzing this issue, the court referred to the case of *Alexander v. Shaffer*, 38 Neb. 812, 57 N.W. 541 (1894). In *Alexander*, the court reviewed "[s]ection 180 of the revenue law," which provided that " 'if the owner of [a tax sale certificate] shall fail . . . to commence an action for the foreclosure of the same . . . within five years from the date thereof, the same shall cease to be valid or of any force whatever . . ' " 38 Neb. at 815-16, 57 N.W. at 542.

According to the court, "the limitation fixed in the revenue law is . . . a limitation upon the duration of the lien itself, and that upon the expiration of the period it is not merely the remedy to enforce the lien which expired, but the lien itself is extinguished absolutely." *Id.* at 816, 57 N.W. at 542. See, also, *Gibson v. Peterson*, 118 Neb. 218, 224 N.W. 272 (1929); *Osgood v. Westover*, 2 Neb. (Unoff.) 668, 89 N.W. 746 (1902).

Because the language of the statute analyzed in *Alexander* is substantially similar to the language used in § 77-1856, we conclude that noncompliance with the period prescribed by

§ 77-1902 renders a tax sale certificate void and wholly extinguished.

In the instant case, tax certificates Nos. 1991 and 1992 were issued on March 31, 1983, and expired on March 31, 1986. Thus, foreclosure actions would have had to be brought within 90 days of March 31, 1986. To the contrary, foreclosure actions were not brought with regard to these tax certificates until September 16, 1991, almost 8½ years after the date of expiration.

Since the foreclosure actions were not brought within the 90-day period as prescribed by § 77-1902, § 77-1856 dictates that tax certificates Nos. 1991 and 1992 were extinguished absolutely. Therefore, the district court lacked jurisdiction to consider appellee's request in 1991 to foreclose these certificates, and the fourth and fifth causes of action should have been dismissed.

Appellee alleges that the delay in the foreclosure of tax certificates Nos. 1991 and 1992 was due to appellants' filing a petition in bankruptcy and the existence of the automatic stay. Since the face of the tax certificates demonstrate that they were void as of September 1983, appellee would have an obligation to submit evidence of the bankruptcy. However, the only evidence relevant to this issue can be found in paragraph 11 of appellees' petition filed on September 16, 1991:

> That with regard to the Fourth and Fifth Causes of Action, the Plaintiff has been granted a relief from automatic stay from the United States Bankruptcy Court For the District of Nebraska, to foreclose its liens on any and all real estate located within Sherman County, Nebraska by Order entered July 24, 1991 in Chapter 11 Proceedings, Bk 84-1523.

We conclude that such evidence insufficiently demonstrates that appellee should have been excused from complying with the time period as prescribed by § 77-1902.

Because tax certificates Nos. 1991 and 1992 must be considered void, the district court, as well as this court, lack jurisdiction to consider this case.

REVERSED AND REMANDED.

GERRARD, J., concurring.

I concur. However, I write separately to further address the effect of the filing of a petition in bankruptcy and the existence of an automatic stay on the tax sale certificates in the instant case.

The majority correctly notes that Neb. Rev. Stat. §§ 77-1856 (Reissue 1990) and 77-1902 (Reissue 1986) provide that a tax sale certificate which is not foreclosed within 90 days of the certificate's expiration ceases to be valid. Appellee contends, however, that this limitation period was tolled by an automatic stay in bankruptcy. Thus, we are confronted with the question of whether an automatic stay extends the statutory time period within which a tax sale certificate must be foreclosed.

The Federal Bankruptcy Code protects claimants from having potential claims expire during the pendency of a bankruptcy stay. 11 U.S.C. § 108(c) (1994) provides, in relevant part, as follows:

> Except as provided in section 524 of this title, if applicable nonbankruptcy law . . . fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

Section 108(c) evidences the basic principle that valid claims against the debtor that exist at the time bankruptcy proceedings are commenced will be preserved. See, *In re Coan*, 96 B.R. 828 (Bankr. N.D. Ill. 1989); *Diamond Hill Inv. Co. v. Shelden*, 767 P.2d 1005 (Wyo. 1989).

Section 77-1856 is not a statute of limitation which merely limits the period during which the remedy to enforce the lien may be exercised, but is a limitation on the underlying substantive right itself. We have held that upon the expiration of the

statutory period, the lien itself is extinguished absolutely. See *Alexander v. Shaffer*, 38 Neb. 812, 57 N.W. 541 (1894).

However, the application of § 108(c) is not limited to statutes of limitation. The statute, by its plain language, applies not only to statutes of limitation, but to any "applicable nonbankruptcy law." § 108(c). Other jurisdictions have considered the application of § 108(c) to lien enforcement periods and have concluded that § 108(c) does apply to the time period during which a creditor must bring an action to enforce a lien. See, e.g., *In re Hunters Run Ltd. Partnership*, 875 F.2d 1425 (9th Cir. 1989) (mechanic's lien); *In re Decker*, 199 B.R. 684 (B.A.P. 9th Cir. 1996) (tax lien). See, also, 2 Collier on Bankruptcy ¶ 108.04[1] (Lawrence P. King ed., rev. 15th ed. 1997). I agree and would similarly hold that § 108(c) applies to tax sale certificates under §§ 77-1856 and 77-1902. To hold otherwise would be to permit debtors to "unilaterally shorten limitations periods by the strategic filing of a bankruptcy petition." *In re Decker*, 199 B.R. at 688.

The effect of § 108(c) is not to toll the applicable limitations period. Rather, "[i]f the limitations period expires while the bankruptcy stay is in effect, then section 108(c) provides creditors with an extra thirty days to pursue a claim once the creditor receives notice that the bankruptcy stay has been lifted." *Thurman v. Tafoya*, 895 P.2d 1050, 1055 (Colo. 1995).

However, I agree with the majority that the record in the instant case does not sufficiently demonstrate that appellee timely foreclosed the tax sale certificates. First, there is no evidence of when the bankruptcy petition was filed. If the 90-day period following the expiration of the certificates had passed prior to the filing of the bankruptcy petition and the imposition of the automatic stay, then § 108(c) does not extend the time available. By its terms, § 108(c) applies only when "such period has not expired before the date of the filing of the petition." Second, even if the stay had been in place prior to the expiration of the period for foreclosure, the foreclosure action was not brought within 30 days after the lifting of the stay. Appellee's petition alleges that relief from stay was entered on July 24, 1991. However, the petition for foreclosure was not filed until

September 16, 1991. This filing is outside the extended period provided by § 108(c), and, thus, the action was not timely filed.

For these reasons, this court, as did the district court, lacks jurisdiction to consider the instant cause, and I concur in the result reached by the majority.

WRIGHT and STEPHAN, JJ., join in this concurrence.