### In The Matter of Larry D. WOERNER, Debtor.

### Bankruptcy No. 96–40975.

United States Bankruptcy Court. D. Nebraska.

July 15, 1997.

W. Eric Wood, Omaha, NE, for Debtor.

Victor E. Covalt, III, Lincoln, NE, for Pinnacle Peak International Asset Management Inc., as Trustee for the Secured Tax Lien Income Trust d/b/a PPI Omnibus ("PPI").

Richard K. Lydick, Omaha, NE, Chapter 12 Standing Trustee.

### MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This case presents the question of whether a Chapter 12 plan may modify the rights of the holder of a "tax certificate" obtained pre-petition under Nebraska law. The plan is not confirmed because the interest of the tax certificate holder is not adequately protected. However, I conclude that the rights of the tax certificate holder may be modified in a confirmed Chapter 12 plan.

### Facts

The debtor failed to pay real estate taxes on his farm for the years 1990 through 1993. On October 1, 1994, Nuckolls County "purchased" the debtor's farm by paying the county treasurer the amount of taxes due, plus interest and costs, as provided under section 77–1808 of the Nebraska Revised Statutes. The county treasurer issued a certificate of purchase (the "Tax Certificate") to the county and on March 27, 1995, the county assigned the Tax Certificate to Pinnacle Peak International Asset Management Inc., as Trustee for the Secured Tax Lien Income Trust, d/b/a PPI Omnibus ("PPI"), after PPI paid the tax delinquency, interest, and costs to the county ($4,869.03). Subsequently, PPI made additional payments of $485.71 and $1,004.32 for taxes due in 1994 and 1995.

On June 3, 1996, the debtor filed for bankruptcy under Chapter 12 of the Bankruptcy Code. PPI filed a claim in the amount of $7,243.08 which includes the amounts it paid for the Tax Certificate and additional amounts it paid for taxes, together with interest at a rate of 14% per annum as provided under sections 77–1824 and 45–104.01 of the Nebraska Revised Statutes. Under Nebraska law, if PPI is not paid all amounts due respecting the Tax Certificate, it may obtain a tax deed and may foreclose on the real estate. *See* Sections 77–1837 and 77–1902 of the Nebraska Revised Statutes. The real estate securing the Tax Certificate is valued at $72,000.00. It is undisputed that PPI holds an allowed secured claim for all amounts due on the Tax Certificate.

On November 14, 1996, the debtor filed a plan of reorganization which proposes to treat PPI's claim as a secured claim to be allowed in full. The plan provides for payment of PPI's claim over a period of five

years at the "Wichmann" [1] rate of interest (estimated to be 9% per annum) and states that PPI shall retain its lien on the property until such time as the claim has been paid in full. PPI objects to the plan because the five year amortization of payments on PPI's claim exceeds the period of time over which PPI has effective remedies upon default under state law respecting the Tax Certificate.

### Law

Section 1222(b)(2) of the Bankruptcy Code specifically permits the Chapter 12 plan to modify the rights of holders of secured claims. Section 1225(a)(5) further provides that, with respect to each secured claim, a plan may be confirmed if the secured creditor accepts the plan, the debtor surrenders the collateral to the secured creditor, or if the plan provides that the secured creditor shall retain its lien in its collateral and be paid an amount, the value of which is equal to the allowed amount of the secured claim under section 506 of the Bankruptcy Code.

■ A secured creditor is entitled to have its interest in property adequately protected in the period of time after confirmation until it has been paid in full. *In re Hanna*, 912 F.2d 945 (8th Cir.1990). Under section 363(e) of the Bankruptcy Code, an entity that has an interest in property proposed to be used by the debtor is entitled to adequate protection of its interest in the property. Section 361 lists various means of providing adequate protection.

### Discussion

PPI asserts that the proposed plan should not be confirmed because it modifies PPI's property rights relating to the Tax Certificate. PPI contends that under Nebraska law, it will lose its right to obtain a tax deed or foreclose its lien on the debtor's real estate after March 31, 1998, because the debtor's tax liability under the Tax Certificate will be extinguished at that time.[2] Since the payments to PPI under the proposed plan extend past March 31, 1998, PPI will be left without recourse under state law after this date if the debtor defaults in making payments to PPI.[3] Therefore, PPI asserts that the proposed plan impermissibly modifies its property rights.

PPI also asserts that the proposed plan should not be confirmed because it does not provide for payment of interest at the rate of 14 percent as provided under sections 77–1824 and 45–104.01 of the Nebraska Revised Statutes. PPI asserts that the proposed plan incorrectly lists the amount of PPI's claim as "approximately $6,750.00". Finally, PPI contends that payments under the Tax Certificate should be made to the Nuckolls County Treasurer as required by Sections 77–1824 and 77–1825 of the Nebraska Revised Statutes rather than to PPI directly.

PPI cites *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979), for its assertion that the debtor cannot use the Bankruptcy Code to alter its state law property rights. However, in *Butner*, the Court states:

1. This refers to a method of determining the appropriate interest rate to be paid to secured creditors in a Chapter 12 case as described in the case of *In re Wichmann*, 77 B.R. 718 (Bankr. D.Neb.1987).

2. Sections 77–1837, 77–1856, and 77–1902 of the Nebraska Revised Statutes provide that if the holder of a tax certificate fails to demand a deed or commence a foreclosure action within six months after the expiration of three years from the date of sale of the tax certificate, the tax certificate shall cease to be valid and the subject property shall be released from any lien of the taxes for which it was sold. *See* Nebraska Revised Statutes §§ 77–1837, 77–1856, and 77–1902. The Tax Certificate was issued on October 1, 1994.

3. Section 108(c) of the Bankruptcy Code arguably would provide the holder of a tax certificate 30 days after notice of termination or expiration of the automatic stay, in which to pursue rights and remedies under state law. Some courts have applied that section to the time period during which a creditor must bring an action to enforce a lien. *See, e.g., In re Hunters Run Ltd. Partnership*, 875 F.2d 1425 (9th Cir.1989) (mechanics lien); *In re Decker*, 199 B.R. 684 (9th Cir. BAP 1996) (tax lien). However, the Nebraska Supreme Court has not so held, although that argument has been recognized in a concurring opinion. *See, County of Sherman v. Evans*, 252 Neb. 612, 564 N.W.2d 256 (1997). The debtor has not relied on section 108(c), and thus this specific issue is not before the court.

*Unless some federal interest requires a different result* there is no reason why such [property] interests should be analyzed differently simply because an interested party is involved in a bankruptcy. (Emphasis added).

*Id.* at 55, 99 S.Ct. at 918.

The creditor's reliance upon the *Butner* decision is misplaced. The Bankruptcy Code dramatically changes the rights of creditors as determined under state law. The Bankruptcy Code modifies the priority of claims, avoids liens, modifies interest rates, and very substantially changes the rights of a party in the interests of fairness to creditors and rehabilitating the debtor. However, a debtor's power to modify the rights of a secured creditor is balanced by Bankruptcy Code limitations. If a creditor does not consent to the proposed treatment of its claim under the plan, the debtor must permit the creditor to retain its lien and must pay the creditor the value of its collateral. In addition, a creditor is entitled to have its interest in property adequately protected.

■ Although it is permissible under the Bankruptcy Code for the debtor to modify the rights of PPI, modifications may not be contrary to the specific provisions of 11 U.S.C. § 1225(a)(5), which require that, absent consent, a secured creditor is entitled to retain its lien. The proposed plan will effectively deprive PPI of its lien because the lien will lapse under applicable non-bankruptcy law prior to the time PPI is paid in full. Under such circumstances it is unlikely that a Nebraska court would permit enforcement of the lapsed interest. *See County of Sherman v. Evans*, 252 Neb. 612, 564 N.W.2d 256 (1997). In addition, the plan should not be confirmed because the plan does not propose to adequately protect PPI from expiration of its interest in property. The plan is therefore not confirmed.

■ I conclude, however, that it is possible for the debtor to propose a confirmable plan which modifies the rights of PPI. PPI's argument that its rights and remedies under applicable nonbankruptcy law may not be modified, is without merit. The debtor may modify the rights of PPI as stated above.

However, the debtor must devise a package of rights and remedies for PPI indubitably equivalent to the rights and remedies which PPI enjoys under state law with respect to its existing lien. The proposed plan could, for example, grant an additional consensual lien to PPI with rights and remedies comparable to those under the Nebraska law respecting tax certificates.

■ I have previously addressed the issue of the appropriate rate of interest to be paid to an over-secured creditor. *See In re Rupprect*, 161 B.R. 48 (Bankr.D.Neb.1993), *In re Cooper*, 124 B.R. 797 (Bankr.D.Neb.1990). The applicable statutory or contractual interest rate governs interest accrued for the period of time up to the effective date of a confirmed plan. The statutory rate under Nebraska law is 14% in this case. Post-confirmation interest accrues at the market rate which is to be determined, in Nebraska Chapter 12 cases, in the manner provided in *In re Wichmann*, 77 B.R. 718 (Bankr.D.Neb. 1987). *See In re Milleson*, 83 B.R. 696 (Bankr.D.Neb.1988). Therefore, it is appropriate for the plan in this case to provide for post-confirmation interest to accrue at the market rate and not at the 14% statutory interest rate. Federal tax claims similarly draw interest at the market rate after confirmation. *U.S. v. Neal Pharmacal Co.*, 789 F.2d 1283 (8th Cir.1986).

Finally, I conclude that the proposed plan should be amended to provide for the correct amount of PPI's claim, with interest determined as described herein, and that payments on the Tax Certificate shall be made to the Nuckolls County Treasurer.

IT IS THEREFORE ORDERED, that the plan is not confirmed. The debtor shall file an amended Chapter 12 plan consistent herewith within 21 days of the date hereof.

IT IS SO ORDERED.