**In the Matter of Leonard and Loretta PALENSKY, Debtors.**

**Bankruptcy No. BK94–40552.**

United States Bankruptcy Court, D. Nebraska, Lincoln Division.

Sept. 16, 1998.

Maureen Freeman–Caddy, Wahoo, NE, for Debtor.

Lyle Haugen, Omaha, NE, Pro Se Creditor.

### MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

This Chapter 12 bankruptcy case presents a reoccurring issue of the rights of a Nebraska tax certificate holder under a confirmed plan, in circumstances where there appears to be no remedy under state law if the debtor fails to pay the amount due on the tax certificate under the terms of the confirmed plan. I conclude that the plan is binding upon the parties according to its terms. If the tax certificate holder has no adequate remedy under state law upon (payment) default, the bankruptcy case may be reopened, and the bankruptcy court will recognize the tax certificate holder as holding a lien which may be enforced by the bankruptcy court. The objection to entry of a discharge order is denied.

#### Facts

Under Nebraska law, if real estate taxes are not paid to the county treasurer when due, the county treasurer may sell the real property on which the taxes have not been paid at public auction, and issue a tax certificate to the purchaser. *See* Neb.Rev.Stat. §§ 77–1806 and 77–1818 (Michie 1995). By statute, the holder of a tax certificate is entitled to interest at 14% per annum. *See* Neb.Rev.Stat. § 45–104.01 (Michie 1995). If the tax certificate holder is not paid the principal amount with accrued interest on the tax certificate within 3 years of the sale, the tax certificate holder may, only within the following six months, either receive a deed of

conveyance for the real estate from the county treasurer, or foreclose the lien for taxes represented by the tax sale certificate. *See* Neb.Rev.Stat. §§ 77–1837 and 77–1902 (Michie 1995).

Mr. Lyle Haugen, a *pro se* creditor in this bankruptcy case, owns tax certificates respecting real estate owned by the Chapter 12 bankruptcy debtors. He obtained the tax certificates in March of 1994, prior to the commencement of the bankruptcy case. The Chapter 12 plan of reorganization was confirmed on January 5, 1995. Mr. Haugen received notice and opportunity to object to the confirmation of the plan, and he filed no objections. Accordingly, under the Bankruptcy Code the plan is binding upon Mr. Haugen according to its terms. *See* 11 U.S.C. § 1227(a). In relevant part, the confirmed Chapter 12 plan provides:

> The Debtors propose that creditor retain its lien or security interest with respect to the above-described property until such time as the claim proposed herein has been paid in full.

The bankruptcy debtors have completed making all payments provided under the plan to be made in the 36 month period following confirmation. Under section 1228 of the Bankruptcy Code, the debtors are now entitled to a discharge. Mr. Haugen objects to the discharge on the basis that under state law he has been deprived, as a practical matter, of the lien which the Chapter 12 plan provides he is to retain.

### Discussion of Law

■ The Chapter 12 plan is binding between the parties according to its terms. *See* 11 U.S.C. § 1227(a). Both the bankruptcy debtors and Mr. Haugen are therefore bound by the terms of the Chapter 12 plan. Confirmation of the plan is res judicata.

■ I conclude, as a matter of federal bankruptcy law, that Mr. Haugen has a first lien on the real estate which secures his claim. The confirmed Chapter 12 plan provides that Mr. Haugen shall retain his lien with respect to the real estate until his claim is paid in full. At the time the plan was confirmed, Mr. Haugen held a first priority lien in the debtors' real estate. Therefore, he retains this lien and lien priority until all payments are made on his claim under the confirmed Chapter 12 plan.

It is not clear whether a Nebraska court would allow Mr. Haugen to foreclose his tax certificates under state law if the debtors default in making future payments on his claim under the plan. The six month period specified by §§ 77–1837 and 77–1902 has already expired. Section 77–1856 provides that if the owner of a tax certificate fails to commence an action to foreclose the tax certificate within the time specified in the Nebraska statutes, the tax certificate shall cease to be valid or of any force and effect, and the real estate covered by the tax certificate shall be released and discharged from the lien for taxes.

The Nebraska Supreme Court has held that once the foreclosure period provided for in §§ 77–1837 and 77–1902 expires, the tax certificates are void, and the state courts lack subject matter jurisdiction to foreclose the certificates. *See County of Sherman v. Evans,* 252 Neb. 612, 564 N.W.2d 256 (1997). In a concurring opinion in *County of Sherman,* Judge Gerrard noted that section 108(c) of the Bankruptcy Code may provide the holder of a tax certificate an additional 30 days after the automatic stay of section 362 has been lifted, in which to foreclose a tax certificate. However, the issue of the effect of section 108(c) was not before the court in *County of Sherman,* and the Nebraska Supreme Court has not held that section 108(c) would, in fact, permit such additional time to the holder of a tax certificate.

Even if section 108(c) applies and extends the period for foreclosing a tax certificate, it is arguable that section 108(c) would not help Mr. Haugen in the present case. Under section 362(c) of the Bankruptcy Code, the stay of acts against property of the estate under section 362(a) continues only until such property is no longer property of the estate. Under section 1227(b), the confirmation of a plan vests all of the property of the estate in the debtor. The plan was confirmed on January 5, 1995, at which time all the property of the estate vested in the debtors. Therefore, section 108(c) would have provided that

the time for bringing an action to foreclose the tax certificates would be the later of (1) the end of the period provided under state law-September of 1997; or (2) thirty days after the termination of the automatic stay—February 4, 1995.

 Bankruptcy courts are courts of equity. Traditionally, equitable remedies are available when the remedies at law are inadequate. This case presents such a situation. As a matter of federal law, under the plan of reorganization, Mr. Haugen was granted and shall retain a first lien in the property. That provision of the plan should be construed to permit him to retain his lien to secure the debtors' obligations under the plan, until he has been paid in full. If Nebraska courts will not permit him to foreclose a statutory tax certificate lien, he will not have an adequate remedy at law by which to foreclose the first lien priority he was granted under the confirmed Chapter 12 plan. Therefore, the bankruptcy court should provide a remedy. If the debtors fail to make payments on the tax certificate obligations when due, Mr. Haugen may file a motion to reopen the bankruptcy case. If he then demonstrates that he does not have an adequate remedy under Nebraska law to foreclose his first lien, he can request the bankruptcy court to provide an appropriate remedy to him. The remedy provided should be generally co-extensive to the rights which exist under state law for tax certificate holders. In other words, he should be permitted to foreclose on the property.

In conclusion, I note that there has been a fundamental change in Mr. Haugen's rights under the plan. Under Nebraska law, the tax certificate holder has recourse solely against the real estate, and has no recourse against the property owner. The tax certificate is a non-recourse obligation. However, under the plan of reorganization, the debtors provided that they would pay the amount due under the tax certificates. The debtors thereby became personally obligated to pay Mr. Haugen the amount of the tax certificate claim.

IT IS THEREFORE ORDERED, that the Debtors' Motion for Discharge (Fil. # 71) is sustained, and the Objection to Motion for Discharge (Fil. # 73) is denied.

IT IS FURTHER ORDERED, that if the debtors fail to make payments to Mr. Haugen as provided under the confirmed Chapter 12 plan, Mr. Haugen may seek to have this bankruptcy case reopened to permit him to enforce his lien.