**In the Matter of Michael L. DAVISON, Debtor.**

**Bankruptcy No. BK89–40442.**

United States Bankruptcy Court, D. Nebraska.

Sept. 28, 1989.

Vincent Powers, Lincoln, Neb.

David E. Cygan, Lincoln, Neb.

Steven J. Mercure, Tecumseh, Neb.

Vincent Valentino, York, Neb.

Susan L. Knight.

Richard K. Lydick, Omaha, Neb., trustee.

### MEMORANDUM

JOHN C. MINAHAN, Jr.,
Bankruptcy Judge.

Johnson County, Nebraska has objected to confirmation of the debtor's Chapter 12 plan on the ground that it proposes to pay real estate taxes owed by the debtor to Johnson County for 1986, 1987 and 1988 over a three year period with amortized payments over such three year period at eleven percent interest per annum. Johnson County asserts that under the laws of the State of Nebraska, it is entitled to be paid interest at the rate of fourteen percent per annum for all such delinquent real estate taxes and that any plan of reorganization proposing interest at less than the statutory rate should not be confirmed by the court. The taxes in question accrued prior to the filing of the bankruptcy case. The question before the court is whether Johnson County is entitled to be paid interest after confirmation of the reorganization plan at the statutory rate of fourteen percent per annum pursuant to Neb.Rev.Stat. § 77–207 (Reissue 1986) and § 45–104.01 (Reissue 1988).

I conclude that the debtor is obligated to pay interest at the statutory rate and that the objection to plan of Johnson County should be sustained.

There is no dispute as to whether or not interest is payable. Under § 506(b), the county is entitled to post-bankruptcy petition interest on its secured claim because there is sufficient collateral value to secure such interest accrual. Under the confirmation standards of §§ 1222(a)(2) and 1225(a)(5), the county is entitled to post-confirmation interest with respect to any deferred payments. The issue is whether the county should be paid interest at the market rate or the statutory rate. I conclude that the county is entitled to be paid the statutory interest rate of fourteen percent, unless the court determines that the statutory interest rate constitutes a penalty. *Cf. Meilink v. Unemployment Reserves Commission,* 314 U.S. 564, 62 S.Ct. 389, 86 L.Ed. 458 (1942) (Bankruptcy Act Case); *Horn v. Boone County, Nebraska,* 44 F.2d 920 (8th Cir.1930) (Bankruptcy Act case wherein former Nebraska statutory ten percent interest on delinquent taxes was held not to be penalty).

I conclude that the interest rate imposed by Neb.Rev.Stat. § 77–207 (Reissue 1986) and Neb.Rev.Stat. § 45–104.01 (Reissue 1988) do not provide for a penalty. The rate charged is reasonable and it is imposed over time at the rate of fourteen percent per annum. Accordingly, the state statutory interest charges should be given force and effect in bankruptcy proceedings to the extent that, and only to the extent that, the bankruptcy code allows interest payments on the county tax claims. If such interest is payable, it shall be at the statutory rate.

As we know, claims for unmatured interest are generally not allowable in bankruptcy. *See* 11 U.S.C. § 502(b)(2). However, interest is properly allowed on secured claims to the extent provided in § 506(b). In addition, interest is properly payable on claims under the confirmation standards of § 1129 and § 1225.

The county's objection to confirmation (Fil. # 17) is therefore sustained.