**In the Matter of Leo BANTAM and Shirley Bantam, Debtors.**

**Bankruptcy No. BK89–40845.**

United States Bankruptcy Court, D. Nebraska.

Sept. 25, 1990.

James H. Dodson, Harlan County Atty., Beaver City, Neb., for Harlan County Treasurer.

Albert P. Burnes, Omaha, Neb., for Leo Bantam and Shirley Bantam.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

The Treasurer of Harlan County, Nebraska, as the holder of a secured claim for county real estate taxes, objects to debtors' Chapter 12 plan because it proposes to pay the tax claim over thirty (30) years at a rate of interest less than that required under Nebraska law. As my prior decision in *In re Davison*, 106 B.R. 1021 (Bankr.D. Neb.1989) is to be reconsidered, amicus briefs were filed by the Nebraska County Attorney's Association and by the Office of the Nebraska Attorney General. I conclude that the County is to be paid interest at the prevailing market rate and not at the fourteen (14%) percent rate provided in Neb.Rev.Stat. §§ 77–207 (1986) and 45–104.01 (1988). My decision in *In re Davison* will not be followed.

The facts are not disputed. Harlan County has a secured claim of $36,338.00, plus interest for pre-petition real estate taxes owed by debtors. The fair market value of the real estate securing Harlan County's claim exceeds the amount of tax claim. The debtors' Plan of Reorganization (Fil. # 31) provides that debtors will pay the allowed secured claim of Harlan County over a period of thirty (30) years and that Harlan County will retain its lien on the property. The debtors acknowledged that Harlan County is entitled to post-petition interest, but assert that they must pay only the market rate of interest as calculated under the case of *In re Wichmann*, 77 B.R. 718 (Bankr.D.Neb.1987). Harlan County asserts that it is entitled to an annual interest rate of fourteen (14%) percent for delinquent property taxes pursuant to Neb.Rev.Stat. §§ 77–207 (1986) and 45–104.01 (1988).

## DISCUSSION

The issue before the court is whether a Nebraska County is entitled to be paid interest at the statutory rate of fourteen (14%) percent on its pre-petition secured claim for taxes. Nebraska law clearly provides that the county is entitled to interest on delinquent taxes at the rate of fourteen (14%) percent interest per annum. *See* Neb.Rev.Stat. *supra*. Debtor argues that the county is not entitled to special treatment and that it should be paid the prevailing market interest rate just like other secured creditors. I conclude that the debtor is correct and that the Nebraska statutory rate is not controlling as to the interest rate payable under a Chapter 12 plan of reorganization.

The Eighth Circuit Court of Appeals has ruled that the Internal Revenue Service is not entitled to the statutory interest rate on delinquent tax claims in a Chapter 11 case. In *U.S. v. Neal Pharmacal Co.*, 789 F.2d 1283 (8th Cir.1986), the court held that when a reorganization plan requires a governmental unit to receive deferred payments, the debtor must pay the governmental unit the prevailing market rate of interest. *Id. See also In re Milspec, Inc.*, 82 B.R. 811 (Bankr.E.D.Va.1988). Although *Neal Pharmacal Co.* involved a Chapter 11 bankruptcy case, I have previously determined that it should be followed in Chapter 12 cases. *In re Milleson*, 83 B.R. 696, 698 (Bankr.D.Neb.1988). *Also see U.S. v. Doud*, 869 F.2d 1144, 1145 (8th Cir.1989). In *In re Davison, supra*, this court held that a Nebraska county was entitled to interest at the statutory rate rather than the market rate provided the statutory rate is not a penalty. *Davison* was based on two decisions that relied on § 57(j) of the former Bankruptcy Act. *Meilink v. Unemployment Reserves Commission*, 314 U.S. 564, 62 S.Ct. 389, 86 L.Ed. 458 (1942) and *Horn v. Boone County, Nebraska*, 44 F.2d 920 (8th Cir.1930). I conclude that *Neal Pharmacal* is controlling and that Harlan County must be paid the prevailing market rate of interest on its allowed se-

cured claim and not the statutory rate. My decision in *Davison* will not be followed to the extent that it is inconsistent with the decision today.

▮ Debtors next argued that even if the statutory rate is not controlling, debtors should not be required to pay interest at the rate established by *In re Wichmann, supra,* 77 B.R. 718. Under *Wichmann* the discount rate is the interest rate payable on treasury bills of an appropriate maturity plus two (2) percentage points. I previously adopted the method of selecting the discount rate enunciated in *In re Wichmann, supra,* except to the extent that *Wichmann* did not consider on a case-by-case basis either the collateral involved or the "personal risks of default." *In re Underwood,* 87 B.R. 594 (Bankr.D.Neb.1988) and *In re Milleson, supra,* 83 B.R. 696. The method used in *Wichmann* has been consistently applied in Nebraska Chapter 12 cases and, as qualified by *Underwood,* complies with the decisions of the Eighth Circuit Court of Appeals. *See In re Monnier Bros.,* 755 F.2d 1336, 1339 (8th Cir. 1985) and *United States v. Neal Pharmacal Co., supra,* 789 F.2d at 1285.

The debtors argue that the tax claim is senior to all other security interests on the real property, and that, since the real property has a value vastly in excess of the tax claim, there is virtually no risk of non-payment. Under these circumstances, the debtors conclude that the "prevailing market rate" is a riskless rate equal to the rate paid on governmental treasury obligations without any two (2) percentage points upward adjustment, as is required under *In re Wichmann, supra.*

The parties have stipulated that the fair market value of the real estate securing the claim of Harlan County is more than sufficient to satisfy said claim. If the property were liquidated there would be more than sufficient proceeds to pay Harlan County in full. Debtors assert, therefore, that the treasury bill rate should not be adjusted upwards for the generalized risks associated with a Chapter 12 because Harlan County has a riskless secured claim and has a first priority security interest in debtors' real estate.

I conclude that the treasury bill rate should be adjusted upward by two (2) percentage points to take into account the risks of default generally existing in Chapter 12 cases. These risks arise from the possibilities of inclimate weather, low crop prices, low productivity, hail, changes in governmental programs, etc. Although Harlan County is an over-secured creditor, there is still a risk that debtors will default and that the county will incur collection costs involved in the foreclosure proceeding. *In re Wichmann, supra,* 77 B.R. at 721. The generalized risks associated with a Chapter 12 case continue even though the value of the collateral exceeds the value of the secured claim. The likelihood that a creditor will ultimately be paid in full in the event of default, does not itself reduce the risk of default.

I conclude that debtors' Plan of Reorganization must pay Harlan County interest at the *Wichmann* rate of two (2%) percentage points over the applicable treasury bill rate on the allowed secured tax claim. Accordingly, the Objection to Debtors' Plan by Harlan County should be sustained and debtors should be required to file an amended plan.

Because I have sustained the objection to the plan by Harlan County due to the plan not providing interest payments on Harlan County's claim, other objections by Harlan County do not need to be decided at this time. I note, however, that the tax claim, initially a short term obligation payable annually, is proposed to be paid over thirty (30) years. Amortizing a pre-petition short term obligation over thirty (30) years is questionable. Although there appears to be no statutory time limit under Chapter 12 for extending deferred payments on secured obligations, the court must consider whether such extended payments are fair and equitable. Debtors do not have a right to extend payment terms to thirty (30) years simply because an obligation is secured by real property.

A separate order will be entered consistent herewith.

## ORDER

For the reasons set forth in the court's memorandum of today's date entered contemporaneously herewith,

IT IS THEREFORE ORDERED, that:

1. The Objection to Debtors' Plan by Harlan County is hereby sustained.

2. Harlan County is entitled to interest on its allowed secured claim at the *Wichmann* rate (appropriate treasury bill rate plus two (2%) percent) rather than the Nebraska statutory rate applicable to delinquent property taxes.

3. Debtors shall file an amended plan in conformity herewith within thirty (30) days of this order.