**In the Matter of Chester L. COOPER, d/b/a H & C Auto Sales & Service, Debtor.**

**Bankruptcy No. BK85–00498.**

United States Bankruptcy Court, D. Nebraska.

Nov. 14, 1990.

Dennis L. Arfmann, Scottsbluff, for debtor.

Danelia F. Kracht, Scotts Bluff County Atty.'s Office, Gering, Neb., Deputy County Atty.

Darlene Robertson, Gering, Neb., Scotts Bluff County Treasurer.

Patricia M. Dugan, Omaha, Neb., Asst. U.S. Trustee.

## MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

The legal issues involving the treatment of Nebraska county tax claims seem unending. In this case, I hold that a county's claim for post-petition taxes accrues interest until confirmation at the Nebraska statutory rate of interest, and the claim for interest is entitled to administrative claim status.

The County of Scotts Bluff, Nebraska filed an Application for Allowance and Payment of Administrative Expense Claim and debtor objected. The parties have stipulated that the county's claim for taxes which accrued after the bankruptcy case was filed (the "post-petition taxes") is entitled to be treated as an administrative claim under 11 U.S.C. § 503(b)(1)(B). Accordingly, I am not called upon to decide that issue. The issues before the court are narrow:

1. Is the County entitled to be paid interest on its administrative claim for post-petition taxes?

2. If interest is payable on the post-petition tax claim, is the claim for interest also entitled to administrative claim status?

3. If interest is to be paid on the administrative claim for taxes, what interest rate is applicable?

In analogous cases involving post-petition federal tax claims, three federal circuit courts of appeal have held that the United States is entitled to be paid interest on its post-petition tax claims and that the claim for interest constitutes an administrative claim under § 503(b)(1). *See In re Mark Anthony Construction, Inc.*, 886 F.2d 1101 (9th Cir.1989); *In re Allied Mechanical Services, Inc.*, 885 F.2d 837 (11th Cir.1989); *United States v. Friendship College, Inc. (In re Friendship College, Inc.)*, 737 F.2d 430 (4th Cir.1984). Although the cases cited involved tax claims owed to the Internal Revenue Service, I conclude that they should be followed in the case before me. *See also In re Parmenter*, 124 B.R. 565 (Bankr.D.Neb.1990) (county entitled to interest as an administrative expense under § 503(b)(1) on the post-petition property taxes).

Based on the rationale stated in *In re Mark Anthony Construction, Inc., supra,*

and *United States v. Friendship College, Inc., supra,* I conclude that the County is entitled to interest at the rate provided by Nebraska statute. In both *In re Mark Anthony* and *United States v. Friendship College,* the respective courts found that there should be no difference in the treatment under the Bankruptcy Code of penalties on delinquent tax payments and interest on such payments. Since the Bankruptcy Code in § 503(b)(1)(C) specifically provides for penalties on tax claims to be treated as administrative claims, the courts concluded that interest provided for by statute should also be treated as an administrative claim. I concur with this reasoning. Further, if it is appropriate to give administrative claim status to penalties provided by statute at the statutory rate and if interest provided by statute is to be treated similar to penalties, then the appropriate interest rate is the statutory rate.

■ I conclude that a county is entitled to interest at the applicable statutory rate and that the interest is also entitled to administrative priority status. The "market rate" of interest is simply not applicable for the interval of time between commencement of the bankruptcy case and the effective date of a confirmed plan. The market rate of interest only becomes relevant under the confirmation standards when determining whether payments to be made after confirmation will have a present value of at least equal to the amount of the secured claim. *See, e.g.,* 11 U.S.C. § 1129(b)(2)(A)(i), (ii).

Accordingly, the County of Scotts Bluff, Nebraska is entitled to be paid interest on its post-petition tax claim at the statutory rate of interest provided by Neb.Rev.Stat. §§ 77–207 (Reissue 1986) and 45–104.01 (Reissue 1988).

The present case should be distinguished from my decision in *In re Bantam,* 120 B.R. 530 (Bankr.D.Neb.1990), which dealt with pre-petition county tax claims. In *Bantam,* I held that a county is to be paid interest at the prevailing market rate on a *pre-petition* secured tax claim for the period of time after confirmation of the plan of reorganization. The "market rate" is to be determined in accordance with the *In re Wichmann,* 77 B.R. 718 (Bankr.D.Neb. 1987).

The Application for Allowance and Payment of Administrative Expense Claim is therefore granted.