**In the Matter of Norman and Katheryn RUPPRECT, Debtors.**

**Bankruptcy No. BK93–40220.**

United States Bankruptcy Court, D. Nebraska.

Oct. 5, 1993.

Albert P. Burnes, Omaha, NE, for Norman Rupprecht and Katheryn Rupprecht.

Terrence L. Michael, Omaha, NE, for Farm Credit Bank of Omaha.

Victor E. Covalt, III, Lincoln, NE, for County of Gage, Neb.

Richard K. Lydick, Omaha, NE, Chapter 12 Trustee.

### MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

In order to determine the amount of adequate protection payments to be made to a mortgage holder, the court must decide what interest rate is payable on Nebraska county real estate taxes for the period between the commencement of a bankruptcy case and the confirmation of a plan. I conclude that the Nebraska statutory rate of fourteen (14) percent should be used to calculate the amount of adequate protection payments. Before the court is the Farm Credit Bank of Omaha's (hereinafter the "Bank") Motion For Adequate Protection, and the debtors' Resistance thereto. The Bank's Motion For Adequate Protection is granted.

The debtors filed Chapter 12 bankruptcy on February 22, 1993. The Bank is a creditor of the debtors and holds a claim in the amount of $306,628.05, which is secured by a lien on debtors' real estate located in Gage County, Nebraska. The parties agree that the amount of the Bank's claim exceeds the value of the collateral.

At the time this case was commenced, the debtors owed real estate taxes to the Gage County Treasurer. During the pendency of this bankruptcy case, debtors have not paid Gage County any post-petition interest on the real estate taxes. The debt due Gage County is thus increasing in amount due to accrual of interest. Since the value of collateral exceeds the amount of the county tax claim, it is allowed post-petition interest as part of its allowed secured claim under § 506. See *United States v. Ron Pair Enterprises*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). The Bank asserts that the accrual of interest on these tax claims

detrimentally affects its interest in the collateral. The Bank argues that in order to be adequately protected, the debtors should be required to pay to the Bank an amount equal to post-petition interest on the tax claims. The Bank requests that such payments be made on a monthly basis.

■ An undersecured creditor lacks adequate protection of its interest where its interest in the debtors' property is decreasing in value. See *In re Robbins*, 119 B.R. 1, 6 (Bankr.D.Mass.1990); 11 U.S.C. §§ 363, 1205 (1993). The accrual of interest on the county's tax claim decreases the value of Bank's interest in collateral because there is simply less value to secure the Bank's claim as the amount of the tax lien increases. See *In re Robbins*, 119 B.R. at 6 (stating that the accrual of interest on a senior mortgage decreased the value of an undercollateralized junior creditor's secured claim). On the facts of this case, the Bank is entitled to be adequately protected from interest accrual. Furthermore, requiring periodic payments in the amount of interest accrual on the county tax claims is a reasonable method of providing adequate protection. See 11 U.S.C. § 1205(b)(1) (1993). The Bank's interest could be protected by making the payment either to the Bank or to Gage County.

The Bank asserts that the appropriate rate of interest on county tax claims is the statutory rate of 14 percent. See Neb.Rev.Stat. § 45–104.1 (Reissue 1988). The debtors argue that the market interest rate is applicable.

In determining the applicable interest rate to be paid to a secured creditor it is important to differentiate between the different time periods:

1. Interest accrued before the bankruptcy case is filed, the so-called "prepetition" interest;

2. Interest which accrues after the bankruptcy case is commenced, but before a plan is confirmed, the so called "gap-period" interest; and

3. Interest to be paid for the period of time after confirmation of the plan, the so-called "post-confirmation" interest.

■ Pre-petition interest is allowed to the extent permitted by applicable non-bankruptcy law. Gap-period interest is generally not allowed under § 502(b)(2), which disallows a claim for unmatured interest. However, § 506 does permit the holder of an oversecured claim to be paid interest. See *United States v. Ron Pair Enterprises*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Finally, post-confirmation interest is payable to the holder of a secured claim receiving deferred payments under a confirmed plan. See §§ 1129, 1225, 1325.

■ The interest rate payable during each of these periods may be different. Pre-petition interest accrues at the applicable contract or statutory rate. I previously concluded that gap-period interest accrues on county tax claims at the statutory rate of 14 percent. See *In re Cooper*, 124 B.R. 797, 799 (Bankr.D.Neb.1990). However post-confirmation interest accrues at the market rate, rather than the statutory rate of 14 percent. See *In re Bantam*, 120 B.R. 530, 531–2 (Bankr.D.Neb.1990). See also *In re Cooper*, 124 B.R. 797, 799 (Bankr.D.Neb.1990); *United States v. Neal Pharmacal Co.*, 789 F.2d 1283, 1286 (adopting the prevailing market rate of interest approach, and discussing how this rate is to be calculated); *In re Busone*, 71 B.R. 201, 204–06 (Bankr.E.D.N.Y.1987).

For the period of time between commencement of the case and the effective date of the plan, the market interest rate is not the appropriate interest rate, particularly where, as here, the interest rate is determined in order to provide adequate protection to undersecured junior claimant. If this bankruptcy case is dismissed, the county may be able to enforce its claim for past due taxes plus interest at the statutory rate of fourteen (14) percent. In order to protect the Bank from such contingency, the debtors must either pay to the county the interest as it accrues, or pay the Bank the same amount, thus reducing the principal balance of the Bank's claim by the amount of the unpaid interest accrual.

On the facts of this case, I conclude that the Bank is entitled to adequate protection payments in the amount of accrued interest.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that Farm Credit Bank's Motion for Adequate Protection (Fil. # 33) is granted.

IT IS FURTHER ORDERED, that for the period of time between the filing of the Motion for Adequate Protection and the effective date of a confirmed plan, the debtors shall pay Farm Credit Bank monthly payments in an amount equal to monthly interest accrual at fourteen (14) percent per annum upon past due pre-petition county taxes with the first monthly payment due November 1, 1993.

IT IS FURTHER ORDERED, that within thirty (30) days hereof debtors shall pay the Farm Credit Bank an amount equal to such interest as has accrued in the period of time from the date on which its motion for adequate protection was filed and October 1, 1993.