**In re KOGER PROPERTIES, INC., Debtor.**

**Bankruptcy No. 91–12294–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

July 5, 1994.

Harley E. Riedel, Scott A. Stichter, Tampa, FL, Barry Seidel, Miami, FL, for debtor.

Joel Piassick, Atlanta, GA, Michael Horan, Tampa, FL, Helen K. Hobbs, Pinellas County Attorney's Office, Clearwater, FL, for Creditors Committee.

## ORDER ON MOTION SEEKING A DETERMINATION OF TAX LIABILITY TO ST. PETERSBURG

ALEXANDER L. PASKAY, Chief Judge.

THIS is a confirmed Chapter 11 case and the matter before the Court is a Motion filed by Koger Properties, Inc. (Debtor) that seeks a determination of tax liability owed to the City of St. Petersburg (City). In its Motion, the Debtor seeks a determination as to what is the appropriate accrued rate of interest accrued on the real property taxes owed by the Debtor, and in turn what amount of the accrued interest should be allowed as the City's secured claim. The Debtor contends that the proper rate of interest is 8½ percent. The City contends that the 18 percent provided by the Florida Statute is the appropriate rate. The facts relevant to resolution of this controversy are as follows:

The Debtor owns and operates office buildings and office parks across the United States. One of these parks is located in St. Petersburg, Florida. Prior to the commencement of this case, the Debtor failed to pay its 1991 ad valorem taxes to the City of St. Petersburg. These taxes remain delinquent, although no tax certificates have been sold by the tax collector.

Section 505 of the Bankruptcy Code governs the power of this Court to determine and assess a debtor's tax liability. Pursuant to § 505(a)(1), the Court is authorized, subject to the limitations of § 505(a)(2), to determine "the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." Subject to the limitation of § 505(a)(2), the bankruptcy court has jurisdiction to determine the amount or legality of any tax, fine or penalty for which the debtor is liable. *Hanshaw v. United States,* 94 B.R. 753 (Bankr.M.D.Fla.1988). Although the present controversy does not challenge the assessed value of the property or the millage rate upon the which the tax was computed, it is clear that interest which accrues on the tax liability becomes a part of that liability and therefore, falls within the purview of § 505. In addition, inasmuch as no prior adjudication has occurred in the controversy presently before this Court, this Court may determine the tax liability of the Debtor vis-a-vis the City of St. Petersburg.

Although § 505 places jurisdiction with this Court to resolve this controversy, § 506 of the Bankruptcy Code provides the basis for the resolution of the controversy. § 506(b) provides in pertinent part, as follows:

506. Determination of secured status.

(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement under which such claim arose.

It is undisputed by the parties that the claim of the City is oversecured. The United States Supreme Court resolved the issue of the entitlement of an oversecured

claimant to post-petition interest in *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). This determination included the claim of a nonconsensual tax claim, *Id.; In re Parr Meadows Racing Ass'n, Inc.*, 880 F.2d 1540 (2d Cir.1989); *In re Craner*, 110 B.R. 124 (N.D.N.Y.1989). However, *Ron Pair* did not address the issue of the applicable interest rate to applied to a nonconsensual oversecured tax claim.

Substantial authority exists for the proposition that nonconsensual oversecured creditors also receive the rate of interest dictated by the statutes under which the their liens arise, provided the charge can be reasonably characterized as true interest rather than as a penalty. *In re Laymon*, 958 F.2d 72 (5th Cir.) *reh'g denied, reh'g en banc denied, cert. denied,* —— U.S. ——, 113 S.Ct. 328, 121 L.Ed.2d 247 (1992); *Galveston Indep. School D. v. Heartland Fed. S & L*, 159 B.R. 198 (S.D.Tex.1993); *In re Davison*, 106 B.R. 1021 (Bankr.D.Neb.1989); *In re Krump*, 89 B.R. 821 (Bankr.D.S.D.1988); *In re Charter Co.*, 63 B.R. 568 (Bankr.M.D.Fla.1986). Florida Statute § 197.172 sets forth the interest to accrue on a tax delinquency, and provides, in pertinent part, as follows:

§ 197.172—Interest rate; Calculation and Minimum—

(1) Real Property taxes shall bear interest at the rate of 18 percent per year from the date of delinquency until a tax certificate is sold, except that the minimum charge for delinquent taxes paid prior to the sale of a tax certificate shall be 3%.

(2) The maximum rate of interest on a tax certificate shall be 18 percent per year; however a tax certificate shall not bear interest nor shall the mandatory charge under 197.472(2) be levied during the 60–day period of time from delinquency except the mandatory charge under subsection (1).

(4) Interest to be accrued pursuant to this chapter shall be calculated monthly from the first day of each month.

There is no doubt that the Florida Statute utilizes the word "interest," to describe the charge on delinquent taxes, and this statute sets the rate at 18%. This raises the issue however of whether the interest provided for the in the Florida Statute is in fact "interest," that is, compensation for the loss of use of money, or simply a penalty for the delinquency, to discourage delinquency in payment of property taxes and to prompt timely payments. Although the City contends that the purpose of the 18% interest rate mandated by the Florida Statute is to compensate the local government for the loss of use of the funds, it is clear that had the local government had the money, it could not invest it for an 18% return. This Court is satisfied that the 18% interest rate contained in the Florida Statute, which is imposed only upon a delinquency in the payment of taxes, is in fact in the nature of a penalty. Inasmuch as the loss of use of funds is better measured by the level of current market interest rates, this Court is satisfied that the appropriate rate of interest upon the tax liability claim should be 8½%.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Determine Tax Liability to St. Petersburg is hereby granted, and this Court determines that the tax liability shall be computed by the utilization of an 8½% interest rate upon the delinquency.

DONE AND ORDERED.