In re **MULBERRY PHOSPHATES, INC., Debtor.**

No. 01–02004–8P7.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 3, 2002.

Don M. Stichter, Stichter, Riedel, Blain & Prosser, Tampa, FL, for debtor.

Herbert Donica, Tampa, FL, for movant.

V. John Brook, Jr., St. Petersburg, FL, Chapter 7 Trustee.

### ORDER ON TRUSTEE'S MOTION TO DETERMINE AMOUNT AND SECURED STATUS OF CLAIM OF JOE G. TEDDER, POLK COUNTY TAX COLLECTOR FOR UNPAID AD VALOREM AND TANGIBLE PERSONAL PROPERTY TAXES— CLAIM NOS. 127 & 128

### (Doc. No. 55)

ALEXANDER L. PASKAY, Chief Judge.

The matter under consideration in this Chapter 7 case is a Motion to Determine the Amount of Secured Status (Doc. No. 55), filed on April 19, 2002 by V. John Brook, the duly appointed Chapter 7 Trustee (Trustee). The Trustee files this Motion with respect to Claim Nos. 127 and 128 filed by Joe G. Tedder, the Polk County Tax Collector (Tax Collector). The claims under consideration are based on unpaid *ad valorem* and tangible personal property taxes. In the Motion, the Trustee seeks a determination of the values of the properties involved, which generated the taxes pursuant to Sections 505 and 506 of the Bankruptcy Code.

Counsel for the Tax Collector, at the duly scheduled hearing on the Trustee's Motion, challenged the Trustee's rights to seek a valuation contending that this Court lacks jurisdiction to review and redetermine the valuation of the properties involved, which have already been made pursuant to applicable local law by the Tax Collector. Counsel for the Tax Collector further asserts that such valuation can only be challenged through the appropriate procedural requirements of the statute pursuant to which these taxes were imposed.

The Trustee in his Motion not only seeks revaluation and redetermination of the values of the properties involved but also challenges the right of the Tax Collector to impose an interest rate on the delinquent taxes at the rate of eighteen (18%) per cent per annum. In support of the this proposition, the Trustee cites *In re Koger Properties, Inc.*, 172 B.R. 351 (Bankr.M.D.Fla.1994).

The threshold question is, of course, this Court's jurisdiction to consider the Trustee's right to seek a valuation of the properties involved. It cannot be gainsaid that the claims under consideration are filed and in fact secured claims *de jure* inasmuch as pursuant to *Fla.Stat.* § 197.122, the unpaid property taxes become a statutory lien on the property to secure the amount of unpaid taxes. It is equally clear that Section 506 of the Bankruptcy Code clearly grants jurisdiction to this Court to determine the value of the property which stands as security for a

debt and provides that the secured claim can only be allowed as secured to the extent of the value of the property which stands as security for the debt involved and the balance can only be allowed as a general unsecured claim. This Section does not differentiate between consensual liens and statutory liens thus, the plain reading of this Section compels the conclusion that it equally applies to both.

This being the case, this Court is satisfied that this Court has jurisdiction to value the properties involved. This conclusion is further buttressed by Section 505 of the Bankruptcy Code which provides that this Court has jurisdiction to "determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to a tax, *whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction*" (emphasis supplied). Considering the two sections together, this Court has no difficulty in concluding that the position taken by the Tax Collector is not well founded and the Trustee is entitled to seek a determination in this Court of the value of the properties which generated the unpaid taxes represented by the proofs of claim filed by the Tax Collector in this case.

■ Considering the additional contention of the Trustee that the appropriate interest rate of the claims shall be current government rate of nine (9%) percent and not the eighteen (18%) percent imposed by *Fla.Stat.* § 197.172, this Court had an opportunity to consider the same issue in the case of *Koger, supra.* In *Koger,* this Court concluded that while it is true that the Florida Statute utilizes the word "interest," to describe the charge on delinquent taxes, it is in fact in the nature of penalty and not to compensate the county for loss of use of the funds and loss of

utilization of funds should be determined by the current applicable government rate. *Koger, supra* at 353.

Based on the foregoing it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Motion to Determine Amount and Secured Status of Claim of Joe G. Tedder, Polk County Tax Collector for Unpaid Ad Valorem and Tangible Personal Property Taxes—Claim Nos. 127 & 128 (Doc. No. 55) be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that a pretrial conference shall be scheduled on July 22, 2002, beginning at 11:00 a.m. at Courtroom 9A, Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, Florida, before the undersigned to prepare the resolution of the issues raised in this contested matter.