In re **MULBERRY CORPORATION, Wingate Land Corporation, Mulberry Phosphates, Inc., Nu–Gulf Industries, Inc., Piney Point Phosphates, Inc., Debtors.**

**V. John Brook, Jr., Chapter 7 Trustee, Plaintiff,**

v.

**Ken Burton Jr., as Manatee County Tax Collector; Charles E. Hackney, as Manatee County Property Appraiser; Manatee County Board of Commissioners; North River Fire District; and Florida Department of Revenue, Defendants.**

Nos. 8:01–BK–02002–ALP, 8:01–BK–02003–ALP, 8:01–BK–02004ALP, 8:01–BK–02005–ALP, 8:01–BK–02006–ALP. Adv. Proc. No. 8:05–AP–00758–ALP.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 4, 2006.

Don M. Stichter, Tampa, FL, for Debtors.

### *ORDER ON DEFENDANT MANATEE COUNTY'S DISPOSITIVE MOTION FOR JUDGMENT ON THE PLEADINGS*

ALEXANDER L. PASKAY,
Bankruptcy Judge.

The MATTER under consideration in this Chapter 7 liquidation case is Defendant Manatee County's Dispositive Motion for Judgment on the Pleadings (Doc. No. 43), filed by Manatee County Board of Commissioners (Defendant). This Motion was filed in connection with an adversary proceeding commenced by the Trustee against Manatee County Board of Commissioners, Manatee County Tax Collector, Manatee County Property Appraiser, North River Fire District, and Florida Department of Revenue.

The Trustee sets forth three distinct claims in three separate counts in its Chapter 7 Trustee's Amended Complaint for Refund of Overpaid Taxes, Objection to Claims and to Determine Amount and Secured Status of Claims of Manatee County (Doc. No. 13). In Count I of the Amended Complaint the Trustee requests a claim of refund under 11 U.S.C. § 505(a)(1). In Count II the Trustee objects to claims of Manatee County under 11 U.S.C. §§ 502 and 704(a)(5). In Count III of the Amended Complaint, the Trustee requests this Court determine the amount and secured status of claims of Manatee County under 11 U.S.C. § 506(a).

The immediate matter under consideration is addressed to Count III of the Amended Complaint. The precise and narrow issue raised is whether the eighteen (18) percent statutory interest rate imposed by Defendant as taxes on the property owned by the Debtor constitutes a penalty and thus cannot be allowed as part of the secured claim of Defendant.

In Count III the Trustee alleges facts as follows. The Manatee Tax Collector filed various secured claims. It is the Trustee's contention that the values of the real and tangible personal property assessed by Manatee County are considerably overstated and therefore the claims are based on taxes which were improperly assessed.

The Trustee asserts that the property has little or no value because of environmental contamination. Citing this Court's opinion in *In re Mulberry Phosphates, Inc.*, 283 B.R. 347 (Bankr.M.D.Fla.2002), the Trustee argues that secured claims may be secured only to the extent of the collateral, in this case, the value of the property, and the rest must be treated as a general unsecured claims.

Based on the foregoing, the Trustee contends that Defendant's claims consist of penalties and interest on delinquent taxes at the rate of 18 percent per annum. Implementing the reasoning from this Court's decisions in *Mulberry* and in *In re Koger Properties, Inc.*, 172 B.R. 351 (Bankr. M.D.Fla.1994), the Trustee claims that this interest rate is clearly excessive of the rate necessary to compensate Defendant for the loss of use of funds. The Trustee requests this Court reduce the claim consisting of statutory interest and unpaid taxes because the interest rate amounts to a penalty.

In opposition of the Trustee's contentions, Defendant asserts that it is entitled to Judgment on the Pleadings as to Count III as a matter of law because the statutory interest rate is not a penalty and therefore cannot be reduced. In support of its position Defendant relies on cases from this District, other Districts in Florida, and various courts across the countries, which have held that Florida's statutory interest rate is not a penalty. *E.g., In re Cone Constructors, Inc.*, 304 B.R. 513 (Bankr.M.D.Fla.2003); *In re R & W Enterprises*, 181 B.R. 624 (Bankr.N.D.Fla. 1994); *In re P.G. Realty Co.*, 220 B.R. 773 (Bankr.E.D.N.Y.1998).

In *Cone*, Chief Judge Glenn held that the Tax Collector was entitled to the statutory interest rate on his secured claim, reasoning "[s]uch a rate is not wholly disproportionate or excessive in relation to

market risks and conditions." 304 B.R. at 518. Furthermore, the court stressed that no evidence was offered which indicated that the provision was meant to penalize delinquent taxpayers instead of compensate the tax authority for delayed payment. *Id.*

In its Motion, Defendant indicates that this Court's decisions in *Mulberry* and *Koger* are at odds with various other courts. In fact, some courts have expressly rejected the position adopted by this court. *See In re Liuzzo*, 204 B.R. 235, 240 (Bankr. N.D.Fla.1996); *In re Haskell*, 252 B.R. 236, 242 (Bankr.M.D.Fla.2000). At the hearing Defendant urged this Court to reconsider its position regarding the statutory interest rate and align itself with the other courts.

█ In this liquidation case it cannot be gainsaid that the interest on money due and owing is a compensation of the holder of a claim for the loss of use of the funds. In the context of bankruptcy the competing interest is the interest of the general estate and the equities of the circumstances which must always be taken into consideration. In the present instance the interest rate is determined by the Legislature of the State, ostensibly based on the determination that the interest rate is a reasonable amount to compensate the taxing authority for the loss of the use of the funds which have not been paid when they became due and owing. It is equally true that the Legislature no doubt also intended, in determining the rate of interest on default, to deter taxpayers from not paying tax obligations.

Since the eighteen (18) percent per annum interest rate is not supported by actual evidence, the Court may take into consideration that under the current market conditions, the taxing authority could not have invested the funds and obtained an

eighteen (18) percent annual return if it had collected on time. Of course, besides investing the funds, the taxing authority has the responsibility to meet the obligations and costs of operating the government. Both are significant factors which weigh heavily in favor of recognizing the validity of the eighteen (18) percent interest rate and conclude that it is not a penalty. Against these factors, the Bankruptcy Court must also consider the interest of the general estate, particularly the interest of the general unsecured creditors because if the eighteen (18) percent interest rate is recognized and paid, that will diminish the funds available to distribute to the general unsecured creditors whose claims have been allowed.

In the present instance there is no question that the likelihood that funds will be available for distribution to the general unsecured creditors is nill, even if the interest rate is reduced. Thus, in the last analysis it is clear that in balancing the competing interests, the scale is tipped heavily in favor of the Manatee County, and therefore Manatee County is entitled to partial Judgment on the Pleadings determining that the eighteen (18) percent interest in this particular situation is not a penalty and shall be allowed as part of the secured claim of the Defendant.

■ Although the specific factual scenario presented in this case does not warrant a departure from the statutory interest rate, this decision should not be construed to be a categorical and unconditional endorsement of the eighteen (18) percent interest rate. In certain situations, it would be appropriate to depart from the eighteen (18) percent statutory rate and conclude that the rate is actually a penalty because the interest of the general unsecured creditors was seriously impacted by the acceptance of the eighteen (18) percent interest rate as a penal-

ty. However, in the present instance it is clear that rejection of the eighteen (18) percent interest rate would have no impact on the interests of general unsecured creditors simply because the estate is administratively insolvent and the possibility of paying dividends to generally unsecured creditors is nill.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Defendant Manatee County's Dispositive Motion for Judgment on the Pleadings (Doc. No. 43) treated as a partial Motion for Judgment on the Pleadings, be, and the same, is hereby granted. It is further

ORDERED, ADJUDGED AND DECREED that the appropriate interest rate to be charged as part of the secured claim of Defendant shall be the statutory interest rate of eighteen (18) percent.

DONE AND ORDERED.